UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>    Defendants.<br>_____<br>JOHN L. CRARY,<br><br>    Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>    Cross-Defendant.<br>_____<br>JOHN L. CRARY,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>    Third-Party Defendants | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DEFENDANT JOHN L. CRARY'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE or IN THE ALTERNATIVE TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS |

  Defendant John L. Crary, by and through his counsel, hereby respectfully submits his Opposition to Plaintiff's motion for expedited Rule 16 scheduling conference or in the alternative to extend the deadline for filing dispositive motions. This Opposition is based upon the

- 1 -

Memorandum of Points and Authorities and all other pleadings and papers on file or to be filed in support of this Opposition and upon such other and further argument as may be presented at any hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On or about July 3, 2002, Plaintiffs filed their First Amended Complaint with this Court against Defendant John L. Crary ("Crary") alleging breach of fiduciary duty and prohibited transactions under ERISA. Crary moved to dismiss and, on April 3, 2003, Magistrate Judge Hogan issued his Report and Recommendation denying Crary's motion and holding that "*Plaintiffs must demonstrate what [Crary] knew and when he knew it and apply either the actual or constructive knowledge of Mr. Crary to each transaction engaged in by the Plan Administrator.*" Report and Recommendation page 5. Crary is right now in the process of finalizing his own dispositive motion since he knew nothing about the ERISA actions complained of and there has been substantially no testimony that he knew what was going on.

On or about April 16, 2003, Crary filed his Third-Party complaint for indemnity against the Third-Party Defendants Polly Jones ("Jones"), the actual named Plan Administrator; Shirley Monroe ("Monroe"), Lassen's human resources director, who apparently knew all about Lassen's problems; and James Thelan ("Thelan"), Lassen's Controller, who also knew about Lassen's problems. On or about May 9, 2003, Plaintiffs' attorney, representing Jones and Monroe, filed a motion to dismiss Crary's Third-Party complaint for failure to state a claim. Crary has opposed such motion since Crary can be found jointly and severally liable for <u>all</u> damages regardless of <u>how little involvement</u> he may have had.

The actual Plan Administrator for each of Lassen's several health plans was Third-Party Defendant Polly Jones. In targeting Crary, Plaintiffs apparently decided not to sue the actual Plan Administrator of the health plans at issue. And, in a rather unique development, Plaintiffs' counsel <u>now represents the actual Plan Administrator responsible for these plans</u> and responsible for

counsel's Plaintiff-clients' losses. These Third-Party Defendants have already tried to bring their own expedited motion to move the dispositive motions cutoff date only with regard to them. That having apparently been unsuccessful, Plaintiffs, through the same counsel, now try the same thing.

Defendant Crary's counsel has discussed with Plaintiffs'/Third-Party Defendants' counsel the possibility of moving the trial date in this matter to ensure that all parties, including Third-Party Defendants, have adequate rights to discovery on all relevant matters and preparation for trial. However, Plaintiffs'/Third-Party Defendants' counsel resisted any changes to this court's scheduling order. Now Plaintiffs'/Third-Party Defendants' counsel seeks, for a second time (following the Third-Party Defendants' substantially identical motion), to cherry pick which dates to change.

## II.

### THERE IS NO GOOD CAUSE FOR MOVING ONLY THE DISPOSITIVE MOTIONS DEADLINE

Federal Rules of Civil Procedure, Rule 16(b), provides in part that "A schedule shall not be modified, except upon a showing of good cause."

Third-Party Defendants, represented by the same counsel, and in their substantially identical motion of a few days ago, made no showing whatsoever of good cause for continuing the dispositive motions deadline. Plaintiffs now try to manufacture three purported reasons; (i) that the court has not yet ruled on their motion for reconsideration; (ii) that they are missing a deposition transcript, and (iii) that Third-Party Defendants' motion to dismiss has not yet been ruled on. Defendant Crary submits that none of these reasons constitutes good cause for moving a deadline that Plaintiffs have had full knowledge of for several months.

Crary submits that there is less reason to move the dispositive motions cutoff date for these Plaintiffs than there was for Third-Party Defendants. At least the Third-Party Defendants roles in this case are still unclear. Plaintiffs have known of the facts at issue in this matter and have had ample ability to complete discovery and prepare their motion <u>for months now</u>. They have known that the court was still considering both their motion for reconsideration and their motion to dismiss. Had they really thought it appropriate to move these dates they should have had serious

and thoughtful discussions with Crary's counsel, not waited until the last minute as they have.

Now that Crary has completed discovery in accordance with the court's long-standing scheduling order and almost completed his own dispositive motion, Plaintiffs want to discuss moving dates, but not moving all dates in a logical fashion, but rather cherry picking the one date they are having trouble meeting. This is not good cause; it is inattentiveness on Plaintiffs' part.

And Plaintiffs had the opportunity to request, on any basis desired, the transcript for the deposition complained of. That deposition took less than two hours and contained no testimony helpful to Plaintiffs. The fact that Plaintiffs apparently did not have the foresight to order the transcript on an expedited basis is no reason for every other party in this matter to be affected. In fact, Crary submits that these repeated attempts by Plaintiffs' counsel to have the dispositive motions cutoff moved are merely cover for counsel's lack of preparation.

Clearly, the scheduling order may be modified in this matter by the court. But Crary submits that the one date requested by Plaintiffs is inappropriate to be moved in a vacuum. Crary submits that if anything is to be moved, the entire scheduling order, and not just the one date chosen by counsel, should be moved so that all parties are ensured adequate time to address any dispositive motions brought, give the court adequate time to consider and rule on such dispositive motions before the trial date, and only then have parties prepare this matter for trial if such is still necessary.

For these reasons, Crary respectfully submits that Plaintiffs current motion should be denied, and that, if any changes are to be made to the current scheduling order, the trial date should be moved, a new scheduling order should be made, and the discovery cutoff and dispositive motions deadlines should be moved therewith.

DEFENDANT JOHN L. CRARY'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE or IN THE ALTERNATIVE TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS

Respectfully submitted,

/s/ Stephen R. Felson

_____
Stephen R. Felson (0038432)
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Telephone: (513) 721-4900
Facsimile: (513) 639-7011
Email: stevef8953@aol.com

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:    (650) 227-8000
Facsimile:    (650) 227-8001

## CERTIFICATION OF SERVICE

I hereby certify that on October 14, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following.

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

Leonard Kristal
ldkristal@yahoo.com

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

/s/ Stephen R. Felson

_____

DEFENDANT JOHN L. CRARY'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE or IN THE ALTERNATIVE TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS

I hereby certify that the foregoing was served upon the following by ordinary U.S. Mail this 14th day of October, 2003 addressed as follows:

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

Leonard Kristal
ldkristal@yahoo.com

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

_____
Roberto Galvez
500 Airport Blvd., Suite 120
Burlingame, CA 94010
Telephone: (650) 227-8000
Facsimile:  (650) 227-8001

DEFENDANT JOHN L. CRARY'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE or IN THE ALTERNATIVE TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS