UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>        Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>        Defendants.<br><br>─────────────────────<br><br>JOHN L. CRARY,<br><br>        Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>        Cross-Defendant.<br><br>─────────────────────<br><br>JOHN L. CRARY,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>        Third-Party Defendants | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DEFENDANT JOHN L. CRARY'S MOTION FOR SUMMARY JUDGMENT |

1

Defendant John L. Crary, by and through his counsel, hereby respectfully submits his motion for summary judgment. This motion is based upon the accompanying Memorandum of Points and Authorities, the Proposed Findings of Fact and Conclusions of Law, the Declaration of John L. Crary, the Declaration of Paul Marotta, the Declaration of James Thelen, the Declaration of Leslie Leath, the Declaration of Robert Morris, the Declaration of Robert Howard, and all other pleadings and papers on file in this matter.

Dated: October 15, 2003

/s/ Stephen R. Felson

---

Stephen R. Felson (0038432)
617 Vine St. Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:    (650) 227-8000
Facsimile:     (650) 227-8001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>　　　　Defendants. | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT JOHN L. CRARY'S MOTION FOR SUMMARY JUDGMENT |
| JOHN L. CRARY,<br><br>　　　Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>　　　Cross-Defendant. | |
| JOHN L. CRARY,<br><br>　　　Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>　　　Third-Party Defendants | |

3

DEFENDANT JOHN L. CRARY'S MOTION FOR SUMMARY JUDGMENT

## I.

## INTRODUCTION

On July 3, 2002, three individual Plaintiffs, former employees of a wholly owned subsidiary of The Lassen Companies, Inc. ("Lassen") and Glass, Molders, Pottery, Plastic and Allied Industrial Workers, Local No. 41, AFL-CIO (the "Union"), filed their First Amended Complaint (the "FAC") to add John L. Crary ("Crary") as an additional defendant in this action for breach of fiduciary duty, co-fiduciary breach, prohibited transactions, and failure to file form 5500 under the Employee Retirement Income Security Act ("ERISA"). The substance of Plaintiffs' allegations is that because Lassen's Chief Executive Officer ("CEO"), a functional fiduciary to the health plan and plan administrator of the 401(k) plan of Lassen, breached his fiduciary duties, Crary, *as the Chairman of the Board of Lassen,* also breached fiduciary duties to the health plan and 401(k) plan. However, Plaintiffs' allegations are both factually and legally devoid of merit.

This motion for summary judgment should be granted in its entirety for the following reasons: (i) there is substantially no evidence that Crary was a fiduciary under ERISA; (ii) there is substantially no evidence that Crary had any actual or constructive knowledge of Kristal's breach of fiduciary duty; (iii) there is no evidence whatsoever that Crary engaged in any prohibited transactions under ERISA; (iv) Plaintiffs and participants of the Plans cannot recover for their individual losses under 29 U.S.C. §1109, and Crary's summary judgment motion against Plaintiff Lelan Littrell should be granted because he filed this action only to recover his individual personal damages, not for the benefit of the Plans, (v) the Union is not a participant, beneficiary, or fiduciary of either the health plan or 401(k) plan -- therefore, it has no standing to sue under ERISA; and (vi) Plaintiffs Dennis Allen and Mary Cracraft are not participants, beneficiaries or fiduciaries to the 401(k) plan; therefore, they have no standing to sue for any cause of actions relating to the 401(k) plan.

Because there is substantially no evidence that Crary had anything to do with any of the things complained of, and because there is substantially no triable issue of any material fact in this case, Crary should be awarded summary judgment and dismissed from this case. Crary has been

defending himself against completely spurious and unsupported charges thousands of miles from his home, and it is time for him to be released from this attempted shakedown.

## II.

## STATEMENT OF FACTS

Defendant Leonard D. Kristal ("Kristal") was the CEO, Chief Financial Officer and one of three directors of Lassen, the plan sponsor of the Lassen health plan, Lassen Group Benefit Plan, and 401(k) plan (collectively, the "Plans") at issue. Crary and Robert Morris ("Morris") were the other two directors of Lassen. [See Declaration of John L. Crary at paragraph 3]. Morris sought bankruptcy protection and is not a defendant in this action. Lassen, formerly a defendant in this case, has also filed for bankruptcy protection.[1]

In the FAC, Plaintiffs claim that Crary was a fiduciary of the Plans and breached fiduciary duties to the Plans under ERISA. Three individual Plaintiffs were former employees of Wright-Bernet, Inc. ("Wright-Bernet") of Hamilton, Ohio, a wholly owned subsidiary of Lassen since January 1999 (FAC, ¶¶ 5, 6, 7 and 16). However, Plaintiffs Dennis Allen and Mary Cracraft never participated in the 401(k) plan at issue. [See Exhibits MMM and NNN to Declaration of Paul Marotta]. The Union has brought the FAC in a representative capacity of the hourly employees of Wright-Bernet (FAC, ¶ 4).

The substance of Plaintiffs' allegations is that because Kristal, the CEO, breached his fiduciary duties, Crary, *as one of three directors and as the Chairman of the Board,* purportedly also breached his fiduciary duties to the Plans because he did not learn of Kristal's breach and single-handedly remove him (FAC, ¶ 12).

The FAC also erroneously alleges that Crary individually, as opposed to the entire board of Lassen, appointed Kristal as the CEO of Lassen (FAC, ¶ 12). The fact is that the Board of Lassen, not Crary individually, appointed Kristal as the CEO and Chief Financial Officer of Lassen and only the Board could remove him even if it had learned of Kristal's misdeeds. [See Exhibit A to

---

[1] Plaintiffs did not include Lassen in the FAC as a defendant even though it was a named defendant in the original complaint.

Declaration of John L. Crary].

As the Chairman of the Board of Lassen, Crary did not have the power or duty to individually appoint, monitor or oversee any of the officers of Lassen, or to individually appoint, monitor or oversee a fiduciary or plan administrator of the Plans. As a director, he could only perform his duties collectively with the other board members in the form of board actions or resolutions. Crary never had and never could have had the ability to direct any of the actions of Kristal or other managers on his own. Kristal, Crary and Morris had also entered into a Shareholders Agreement binding each of them to elect the others as the directors of the Company so long as they owned any stock of the Company. [See Exhibit B, Declaration of John L. Crary, page 7, paragraph 10]. And Kristal had an employment agreement with Lassen that required payment of substantial severance in the event that Kristal was terminated without cause, defined rather narrowly. [See Exhibit C Declaration of John L. Crary, page 2, paragraph 6.2].

Crary (who also loaned more than one million dollars to Lassen) was completely uninvolved in its day-to-day operations. Crary has never written or signed a check on behalf of Lassen. Crary was not an employee of Lassen, and during a significant portion of the time that he served as Chairman of Lassen, Crary was employed full time at another company in Northern California. Crary had no operating role with Lassen, no operating people reported to him at any time, and Crary lived 350 miles from Lassen's offices. In fact, Crary himself was misled by Lassen and Wright-Bernet management and was misled about corporate affairs and finances. For this and other reasons Crary has filed a complaint against Kristal for fraud in San Mateo County Superior Court, California in connection with the fraudulently induced loan to Lassen.

On or about April 16, 2003, Crary filed his third-party complaint for indemnity against Third-Party Defendants Polly Jones ("Jones"), the named Plan Administrator of the Lassen Group Benefit Plan (FAC, ¶ 19); Shirley Monroe ("Monroe"), Lassen's human resources director, who made deductions from Lassen employees' paychecks and apparently knew all about Lassen's problems; and James Thelan ("Thelan"), Lassen's Controller, who also knew about Lassen's problems. On or about May 9, 2003, Plaintiffs' attorney, representing Jones and Monroe, filed a motion to dismiss Crary's third-party complaint for failure to state a claim. The Court has not yet

ruled on this motion.

Crary submits that there is no triable issue of material fact and that he is entitled to summary judgment as a matter of law. He has been added as a defendant solely because he is solvent while Lassen and Morris are bankrupt, and defendant Kristal is judgment proof. This is clearly an insufficient reason to allow this case to proceed. Plaintiffs have had months to uncover evidence of Crary's culpability and have completely failed to do so.

### III.

### ARGUMENT

**A.    STANDARD OF REVIEW.**

In summary judgment procedure, the function of the Court is to determine whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case; however, it need not support its motion with evidence disproving the non-moving party's claim. *Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79, 81 (6th Cir.1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue [of fact] for trial." Fed.R.Civ.P. 56(e). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp. Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

On April 3, 2003, Crary moved to dismiss the FAC. Magistrate Judge Hogan issued his Report and Recommendation denying Crary's motion. However, Judge Hogan outlined in his holding precisely what Plaintiffs need to prove in order to establish liability against Crary in this lawsuit:

> "*Plaintiffs must demonstrate what [Crary] knew and when he knew it and apply either the actual or constructive knowledge of Mr. Crary to each transaction engaged in by the Plan Administrator.*" [ Report and Recommendation at page 5].[2]

**B.  THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF CRARY BECAUSE THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AS TO WHETHER CRARY WAS A FIDUCIARY UNDER ERISA.**

There is no genuine issue of material fact with respect to the issue of whether Crary was a fiduciary to the Plans within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Section 3(21)(A) of ERISA provides that except in the case of an investment company described in Section 3(21)(B), a person is a plan fiduciary *to the extent* he (i) exercises any discretionary authority or discretionary control over *plan management* or any authority or control over *management or disposition of plan assets*, (ii) renders investment advice *regarding plan assets* for a fee or other compensation, or has authority or responsibility to do so, or (iii) has any discretionary authority or responsibility *in plan administration* (Emphasis added). Under this section, a person can be held as a fiduciary to a health plan by the fact that he occupies a fiduciary position such as being a trustee, plan administrator, or named fiduciary.

A person can also be held a fiduciary by the fact that he actually functions as a fiduciary to the health plan. See *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993). To determine whether a person is a functional fiduciary, the Court would determine whether he has or exercises any of the functions described in §3(21)(A). See *Brock v. Hendershott,* 840 F.2d 339, 342 (6th Cir. 1988). Fiduciary duties under ERISA attach not just to particular persons, but to particular persons performing particular functions that relate to plan administration. *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1158 (3d Cir.1990).

In this matter, Crary was *not* a trustee, a plan administrator for the Plans, or a named fiduciary to the Plans. [For example, see Declaration of John L. Crary, paragraphs 27 through 30 and paragraph 34; Declaration of Robert Morris, paragraphs 15 through 18 and paragraph 20;

---

[2] Plaintiffs have filed a motion to review Judge Hogan's Report and Recommendation. The Court has not ruled on that motion.

8

DEFENDANT JOHN L. CRARY'S MOTION FOR SUMMARY JUDGMENT

Declaration of Leslie Leath, paragraph 5; Declaration of Paul Marotta, Exhibits Y, Z, and AA through EE].

Plaintiffs are attempting to attach an ERISA fiduciary label to Crary solely because he was one of the three directors and held the title of the Chairman of the Board of Lassen. However, Plaintiffs have not presented and cannot present any evidence that Crary rendered any investment advice regarding Plans assets under subsection (ii) of ERISA §3(21)(A), or that he had any discretionary authority or responsibility in plan administration under subsection (iii). In fact, the named administrator for Lassen Group Benefit Plan was Polly Jones from Pickering Insurance Services, whom Plaintiffs' counsel also represents. Lassen's human resources director, Shirley Monroe, also defended by Plaintiffs' counsel, administrated the health plan internally, made deductions from Lassen employees' paychecks and weekly communicated this information to Lassen's payroll service, even while knowing that the deductions were not being remitted to the health plan.

The Sixth Circuit has held that "only discretionary acts of plan management or administration, or those acts designed to carry out the very purpose of the plan, are subject to ERISA's fiduciary duties." *Akers v. Palmer*, 71 F.3d 226, 231 (6th Cir. 1995). The only evidence Plaintiffs can present is that Crary indirectly loaned $1 million to Lassen (which loan he lost in full due to Kristal's fraud), and that Crary was one of three directors and Chairman of the Board of Lassen.

Contrary to their conclusory allegations, Plaintiffs cannot show any evidence or point to any authority that Crary (i) had the authority or duty to monitor and oversee the CEO or any other officer of Lassen as an individual director; (ii) had the authority or duty to monitor and oversee any fiduciary of the Plans; (iii) had the capacity to unilaterally appoint or remove the CEO or any other officer of Lassen as an individual director; (iv) had the capacity to unilaterally appoint or remove the fiduciary of the Plans; or (v) had any prior knowledge of any wrongdoing by Kristal or other fiduciaries of the Plans. Nor can Plaintiffs present any evidence that Crary actually exercised any authority or control with respect to the management or administration of the health plan and 401(k) plan, or management or administration of the assets thereof. Crary has never even signed or

written a check on behalf of Lassen.  [See Declaration of John L. Crary, paragraph 31].

Plaintiffs might present testimony from the deposition of Randy Pickering, the health plan insurance broker and husband of Third-Party Defendant Polly Jones, that Pickering called Crary and, in one of those calls, supposedly told Crary that Kristal was committing "fraud."  However this deposition testimony by an interested husband is completely unsupported by Pickering's own telephone records, which show absolutely no such call during the time period testified to by Pickering.  Rather, the only telephone calls that Pickering's telephone records disclose were made in August and October, 1999, not three times in 2000 as Pickering testified to.  These calls would have been made before the serious health plan problems were completely clear to anyone, especially an outside director like Crary.

And Pickering's wife, the health plan administrator Polly Jones, continued to serve in such capacity long past the date that these calls were made in 1999.  If Pickering were truly afraid that fraud was being committed why would he allow his wife to serve as administrator for many more months?  Crary submits that this gratuitous testimony by Pickering falls far short of highlighting any triable issue of material fact.  [See Declaration of Paul Marotta, Exhibit JJ, for copies of the only calls (all of which are in 1999) that Pickering's telephone records disclose].  The health insurance company, Great-West Life terminated the health plan in February 2000.  Neither the health plan nor any participant suffered any loss before February 2000. [See Exhibit S to Declaration of Paul Marotta].

Plaintiffs also might introduce deposition testimony by Lenn Kristal, the perpetrator of this mess.  Crary submits that nothing about Kristal has ever been truthful and, in fact, almost every witness deposed in this matter has stated that Kristal is completely untruthful.  Some of this testimony about Kristal's truthfulness has been in quite colorful terms:  Randy Pickering testified that, "Mr. Kristal would, if he had the opportunity, perjure himself under law;" Shirley Monroe said, when asked if Lenn Kristal was truthful, that "he doesn't know the meaning of the word;" and Robert Bernet, when asked if he considered Lenn Kristal an honest person, simply said, "Nope."  [See Declaration of Paul Marotta, Exhibits C through E, also see Declaration of Robert Morris at paragraph 28, Declaration of Leslie Leath at paragraph 13, Declaration of John L. Crary at

10

paragraph 37, and Declaration of James Thelen at paragraph 15].

Crary submits that this court should substantially discount any testimony Plaintiffs might offer from Leonard Kristal. Kristal has been known in other circumstances to look for Crary to bail him out financially for problems caused by Kristal. But this attempt by Kristal to include Crary so that Crary can pay for Kristal's mistakes is wrong at the basest level and should be utterly rejected here.

Courts have frequently held that directors are not performing fiduciary roles under ERISA even when their actions arguably affect an ERISA plan. These opinions flow directly from the limiting "to the extent" language in the statute. The fact that an action taken by an employer to implement a business decision may ultimately affect the security of employees' welfare benefits does not automatically render the action subject to ERISA's fiduciary duties. *Sengpiel v. B.F. Goodrich Co.*, 156 F.3d 660, 665 (6th Cir. 1998). Pursuant to *Sengpiel*, the appointment of an officer to the corporation by the Board itself is a business decision and is in no way automatically subject to ERISA's fiduciary duties. There is no testimony here that the Board even appointed Kristal as an ERISA fiduciary. In fact it's not even clear that Kristal knew he was an actual or functional fiduciary in this case. For all these reasons, the appointment of Kristal as the CEO and Chief Financial Officer of Lassen by the board collectively cannot subject Crary to ERISA's fiduciary duties.

The purported breach of fiduciary duty by Crary must be connected to the management or administration of the plans or the assets thereof. See *Akers*, at 231. In order to establish liability on behalf of Crary, Plaintiffs must demonstrate what Crary knew, when he knew it, and apply either the actual or constructive knowledge of Crary to each transaction engaged in by the Plan Administrator. [See Report and Recommendation, at 5].

However, Plaintiffs cannot demonstrate one incident where Crary had any knowledge of any wrongdoing by Kristal, Monroe or Jones, or any other fiduciary, of either the 401(k) or health plan. This is because Crary had no such knowledge and the record is clear on this. The first Crary learned of any problems was after this lawsuit was filed [See Declaration of John L. Crary, paragraph 26].

Plaintiffs further claim that Crary appointed Kristal as plan fiduciaries; therefore, Crary would have the duty to monitor and assure compliance of Kristal with his fiduciary duties (FAC, ¶ 16). However, Plaintiffs can establish no evidence to show that Crary appointed Kristal as a fiduciary to the health plan or the 401(k) plan. [See Declaration of John L. Crary, paragraphs 25 and 21; see also Plaintiffs' deposition testimony, Declaration of Paul Marotta, Exhibits GGG through III].

Similarly the Lassen Board collectively authorized the company to establish a 401(k) plan. However, neither Crary nor the Board ever appointed Kristal as the health plan fiduciary or the plan administrator of the 401(k) plan, or ratified and approved the appointments. And Plaintiffs themselves have absolutely no information or knowledge that Crary appointed Kristal as such. [See Declaration of Paul Marotta, Exhibits CCC through FFF].

Clearly, Crary was not a fiduciary to the Plans. There is no genuine issue for trial on the question of whether Crary was a fiduciary under the ERISA. Therefore the Court should grant summary judgment in favor of Crary.

**C. WITH RESPECT TO THE SECOND CLAIM FOR RELIEF, THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF CRARY BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER CRARY HAD ANY ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF KRISTAL'S BREACH OF FIDUCIARY DUTY.**

A plan fiduciary may be liable for the acts or omissions of a co-fiduciary if the fiduciary (1) *knowingly* participates in or attempts to conceal a co-fiduciary breach, (2) enables a co-fiduciary to commit a breach, or (3) *knows* of a co-fiduciary breach and fails to take reasonable remedial action (emphasis added). See ERISA §405(a), 29 U.S.C. §1105(a).

Liability for breach of fiduciary duty is extended to co-fiduciaries only if the co-fiduciary has actual knowledge of the breach. "Under this [participation] rule, the fiduciary must *know* the other person is a fiduciary . . ., must *know* that he participated in the act that constituted a breach, and must *know* that it was a breach . . . . For the first fiduciary to be liable [for concealing a breach], he must *know* that the other is a fiduciary with regard to the plan, must know of the act, and must know that it is a breach . . . ." Conference Report at 299, 3 ERISA Leg. Hist. At 4566.

See also *Chambers v. Kaleidoscope, Inc. Profit Sharing Plan*, 650 F.Supp. 359, 369-370 (N.D. Ga. 1986); *Monson v. Century Manufacturing Co.*, 739 F.2d 1293 (8th Cir. 1984); *Davidson v. Cook*, 567 F.Supp. 225 (E.D. Va. 1983), *aff'd*, 734 F.2d 10 (4th Cir.), *cert. den.*, 469 U.S. 899 (1984); *Fink v. National Savings & Trust Co.*, 772 F.2d 951, 958 (D.C. Cir. 1985).

Furthermore, Judge Hogan outlined in his Report and Recommendation precisely what Plaintiffs need to prove to establish liability against Crary in this lawsuit.

> *Plaintiffs must demonstrate what [Crary] knew and when he knew it and apply either the actual or constructive knowledge of Mr. Crary to each transaction engaged in by the Plan Administrator.*

[Report and Recommendation, at page 5].

Even assuming Crary was a fiduciary, which he was not, Plaintiffs cannot establish co-fiduciary liability against Crary. Plaintiffs have failed to establish that Crary had any actual or constructive knowledge of Kristal's breach of his fiduciary duties. [See Declaration of John L. Crary, paragraph 26]. No one from Lassen ever reported to Crary about non-payment of employees' contributions to the health benefit plan or 401(k) plan. No one from Lassen ever reported to Crary about mismanagement of Lassen by Kristal. Neither Polly Jones nor Shirley Monroe informed Crary about the problems of the Plans. [See Exhibits P and R to the Declaration of Paul Marotta]. In fact, Kristal took great efforts to hide all information from Crary.

Therefore, Crary cannot be liable for Kristal's Monroe's, Jones' or any other fiduciaries' breaches because 1) he did not know who the relevant fiduciaries were, 2) he did not participate in or attempt to conceal their breaches, 3) he did not in any way enable them to commit a breach, and 4) he did not, in fact, even have any actual or constructive knowledge of such breaches prior to this lawsuit.

///

**D. WITH RESPECT TO THE THIRD CLAIM FOR RELIEF, THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF CRARY BECAUSE THERE IS NO GENUINE ISSUE FOR TRIAL REGARDING THE ISSUE OF WHETHER CRARY ENGAGED IN PROHIBITED TRANSACTIONS UNDER ERISA.**

Plaintiffs allege that Crary, being a purported fiduciary, is a party in interest to the Plans under ERISA §3(14)(A), 29 U.S.C. §1002(14)(A) (FAC, ¶ 42).  Pursuant to the analysis in Sections B and C above, there is no genuine issue for trial concerning whether Crary is a fiduciary to the Plans; therefore, Plaintiffs have failed to present any genuine issue for trial with respect to their claim that Crary is a party in interest under ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

Plaintiffs also allege that Crary dealt with the assets of the Plans in his own interests, or for his own account in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1) (FAC, ¶ 43).  However, except for being defrauded by Kristal and losing, in its entirety, his $1 million loan to Lassen, and except for holding the titular office of Chairman of the Board, Crary was not involved in the day-to-day operations of Lassen, or engaged in any control, management or administration of the Plans or the Plans assets.  He did not sign a single check on behalf of Lassen, or a single contact with a third party on behalf of Lassen.  Plaintiffs have not presented any evidence that Crary misappropriated or dealt with the Plans assets in his own interest, or for his own account.  In fact, none of the Plaintiffs know of such conduct. [Declaration of Paul Marotta, Exhibits MM through PP].

Accordingly, Plaintiffs have failed to present any genuine issue for trial that Crary engaged in prohibited transactions in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1) and Crary's motion for summary judgment should be granted in full.

**E.  CRARY'S SUMMARY JUDGMENT MOTION AGAINST THE UNION SHOULD BE GRANTED BECAUSE THE UNION HAS NO STANDING TO SUE UNDER ERISA.**

The Union has no standing under the clear language of ERISA §502(a) to assert claims under ERISA.  ERISA §502(a), 29 U.S.C. Section 1132(a), provides that an action may be brought by a "participant, beneficiary, fiduciary or the Secretary of Labor." *See Waxman v. Luna*, 881 F.2d 237, 240 (6th Cir.1989) (plaintiff must be either a participant or a beneficiary to bring an ERISA action). *Cf. Utility Workers Union v. Consumers Power Co.*, 453 F.Supp. 447 (E.D.Mich.1978) (employee organization has no standing under ERISA § 502), *aff'd*, 637 F.2d 1082 (6th Cir.1981), *vacated on other grounds*, 451 U.S. 1014 (1980).  "ERISA's statutory framework lists those persons empowered to bring a civil action with particularity. Despite the fact that an ERISA claim

may derive from a collective bargaining agreement negotiated by a union, Congress has obviously chosen not to include a labor union as an appropriate party to vindicate employees' rights under ERISA." *Intern. Union v. Auto Glass Employees Fed. Credit*, 858 F.Supp. 711, 722 (M.D.Tenn. 1994).

A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. §1002(7). The term "beneficiary" refers to "a person designated by a participant, or by the term of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8). The pertinent portions of ERISA provide that a person is a "fiduciary" to the extent he exercises discretionary authority or control over the plan's management, the plan's assets and the plan's administration. 29 U.S.C. §1002(21)(A)(i), (iii).

"The Union is not a participant as defined by ERISA, since it is not an employee, former employee, member or former member of an employee organization with eligibility to receive benefits." *Intern. Union, supra*, at 721. The Union is not a beneficiary because there has been no claim or evidence that the Union is designated by any participant of the Plans as a beneficiary. Nor is there any evidence that the Union possesses or has exercised any authority or control concerning the Plans' management, the Plans assets and the Plans' administration. Hence, it is not a fiduciary either.

Although paragraph four of the FAC states that the Union brings the claims in a representative capacity of the hourly employees of Wright-Bernet (FAC, ¶ 4), the Union, "simply by virtue of its status as a labor union, does not fall within those who are designated by the statue as capable of bringing an ERISA action." *Supra*. *See also New Jersey State AFL-CIO v. New Jersey*, 747 F.2d 891, 893 (3d Cir.1984) ("It is clear from the statute that labor unions are neither participants nor beneficiaries").

Accordingly, the Court should grant Crary summary judgment against the Union because the Union, as a matter of law, has no standing to participate in or bring this action.

F.   WITH RESPECT TO THE 401(K) PLAN, CRARY'S SUMMARY JUDGMENT

15

**MOTION AGAINST PLAINTIFFS DENNIS ALLEN AND MARY CRACRAFT SHOULD BE GRANTED BECAUSE THEY HAVE NO STANDING TO SUE UNDER ERISA.**

By the same token and pursuant to ERISA §502(a), 29 U.S.C. Section 1132(a), Plaintiffs Dennis Allen and Mary Cracraft do not have standing to sue under ERISA concerning the 401(k) plan because they are not, and never were, participants, beneficiaries or fiduciaries of the 401(k) plan. Therefore, Crary's summary judgment motion against Plaintiffs Dennis Allen and Mary Cracraft concerning any cause of actions relating to the 401(k) plan should be granted.

G.  Plaintiffs and participants of the planS cannot recover for their individual lossES under 29 u.s.c. §1109, AND Crary's summary judgment motion against plaintiff Lelan Littrell should be granted because he filed this action only TO COLLECT for his personal damages, not for the benefit of the Plans.

Plaintiffs allege that Crary is personally liable and must "make good to the Plan and *its participants* (emphasis added)." See FAC, ¶¶ 38, 46. In their prayer for relief, Plaintiffs also ask the Court to find that Crary is personally liable to make good to the *participants* all losses resulting from the purported breach under §409(a) of ERISA, 29 U.S.C. §1109(a), and to order an accounting and payment of all losses suffered by the *participants* (emphasis added). See FAC, page 12, ¶¶ C), D) and E).

However, the plain language of §1109(a) makes it clear that only the Plan, not an individual beneficiary, may recover damages for a breach of fiduciary duties. The Supreme Court has held that 29 U.S.C. §1109(a) provides relief only for a *plan* and not for individual participants. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44 (1985). The liability of a fiduciary is to reimburse the plan, not the individual participants. *Id.* at 140. *See* also *Richards v. General Motors Corp.*, 991 F.2d 1227 (6th Cir.1993) (plaintiff may not recover under § 1109 for personal losses suffered as a result of poor management of an ERISA plan); *Bryant v. International Fruit Prod. Co.*, 886 F.2d 132 (6th Cir.1989) (plaintiff may not recover under § 1109 for personal pension benefits lost).

Because any "recovery under § 1109 will inure to the benefit of the Plans as a whole rather

than to the participants as individuals," the Court should grant Crary's summary judgment motion and hold that Plaintiffs and participants of the Plans cannot recover for their individual losses under 29 U.S.C. § 1109. *Tregoning*, at 83. Moreover, all of Plaintiffs Dennis Allen and Mary Cracraft's health insurance bills have been paid and they have suffered no losses or injury whatsoever.

Furthermore, Plaintiff Lelan Littrell states in his deposition that he filed this action only to recover for his personal damages, not for the benefit of the Plans. [See Exhibit PPP to the Declaration of Paul Marotta]. Consequently, Crary's summary judgment motion against Plaintiff Lelan Littrell should be granted.

## IV.

## CONCLUSION

This motion for summary judgment should be granted in full because: (i) there is no triable issue as to any material fact on the issue of whether Crary was either an actual or a constructive fiduciary under ERISA; (ii) there is no triable issue as to any material fact on the issue of whether Crary had any actual or constructive knowledge of Kristal's breach of fiduciary duty; (iii) there is no triable issue as to any material fact on the issue of whether Crary engaged in prohibited transactions under ERISA; (iv) the Union is not a participant, beneficiary, or fiduciary of either the health plan or 401(k) plan, and therefore it has no standing to sue under ERISA; (v) Plaintiffs Dennis Allen and Mary Cracraft are not participants, beneficiaries or fiduciaries to the 401(k) plan; therefore, they have no standing to sue for any cause of actions relating to the 401(k) plan; and (vi) Plaintiffs as participants of the Plans cannot recover for their individual losses under 29 U.S.C. §1109, and Crary's summary judgment motion against Plaintiff Lelan Littrell should be granted because he filed this action only to recover for his personal damages, not for the benefit of the Plans.

Crary is faced with, and has been for several months, defending an action, spurious at best, thousands of miles from his home. He is faced with proving a negative; that no one told him about Kristal's misdeeds (and, in fact, he had no such knowledge), but he has done exactly that. There is no evidence that anyone gave him the knowledge that he needed in order to intervene and there is

no issue left for a trier of fact in this case.  Plaintiffs have failed completely in their burden of proof and this court should put an end to this injustice, grant Crary's motion for summary judgment and dismiss Crary forthwith.

Dated:  October 15, 2003			Respectfully Submitted,

/s/ Stephen R. Felson
_____
Stephen R. Felson (0038432)
617 Vine St.  Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:	(650) 227-8000
Facsimile:	(650) 227-8001

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 15, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following.

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

Leonard Kristal
ldkristal@yahoo.com

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

/s/ Stephen R. Felson
_____

    I hereby certify that the foregoing was served upon the following by ordinary U.S. Mail this 15th day of October, 2003 addressed as follows:

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

Leonard Kristal
ldkristal@yahoo.com

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

                                           /s/ Roberto Galvez
                                           _____
                                           Roberto Galvez
                                           500 Airport Blvd., Suite 120
                                           Burlingame, CA 94010
                                           Telephone: (650) 227-8000
                                           Facsimile:  (650) 227-8001

DEFENDANT JOHN L. CRARY'S MOTION FOR SUMMARY JUDGMENT