§ 257    TRUSTS, SECOND    Ch. 7

the trust and apply it to the satisfaction of their claims, his interest can be impounded for the benefit of the other beneficiaries of the trust to make good a liability which he incurs for breach of trust, unless the settlor has manifested a different intention. The rule is applicable to statutory spendthrift trusts.

If, however, the settlor has manifested an intention that the interest of the trustee-beneficiary should not be impounded for the benefit of the other beneficiaries of the trust to make good a liability for breach of trust, it cannot be impounded. The settlor who has given the other beneficiaries their interests can restrict those interests by denying them power to reach the interest of the trustee-beneficiary to make good a breach of trust committed by him. This is true even in States in which it is held to be against public policy to prevent ordinary creditors from reaching the interest of a beneficiary. On the question whether the settlor has manifested such an intention, various factors may be relevant, as, for example, the character of the breach of trust, whether wilful or negligent; the relationship between the settlor and the trustee-beneficiary and the other beneficiaries. The question is whether in view of all the circumstances the settlor would have desired to protect the trustee-beneficiary, not only as against the claims of ordinary creditors, but also against the claims of the other beneficiaries for breach of trust.

As to the extent to which by the terms of the trust the trustee may be relieved from liability for breach of trust, see § 222. To the extent to which a trustee-beneficiary is thus relieved of liability, the other beneficiaries not only cannot insist on the impounding of the interest, but cannot hold him personally liable for a breach of trust.

## TOPIC 10. CONTRIBUTION OR INDEMNITY FROM CO-TRUSTEE

### § 258. Contribution or Indemnity from Co-trustee

(1) Except as stated in Subsection (2), where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other, except that

See Appendix for Reporter's Notes, Court Citations, and Cross References



(a) if one of them is substantially more at fault than the other, he is not entitled to contribution from the other but the other is entitled to indemnity from him; or

(b) if one of them receives a benefit from the breach of trust, the other is entitled to indemnity from him to the extent of the benefit; and for any further liability, if neither is more at fault than the other, each is entitled to contribution.

(2) A trustee who commits a breach of trust in bad faith is not entitled to contribution or indemnity from his co-trustee.

**Comment:**

*a. Trustees jointly and severally liable.* Where several trustees are liable for a breach of trust committed by them jointly or for a breach of trust committed by one of them for which the others are liable under the rule stated in § 224, they are jointly and severally liable to the beneficiary for the breach of trust.

Although the beneficiary can compel any one or more of them to make good the breach of trust, yet as between the trustees the ultimate liability is determined by the rules stated in this Section.

**Comment on Subsection (1):**

*b. Trustees equally at fault.* Where two trustees participate in a breach of trust, ordinarily either trustee who makes good the breach of trust can compel the other to reimburse him as to one-half of what he has had to pay; and if there are more than two trustees any one of the trustees who has made good the breach of trust can compel the others to reimburse him proportionately.

**Illustrations:**

1. A and B are trustees for C. In breach of trust they join in purchasing securities which are not proper trust investments and which are subsequently sold at a loss of $1000. A pays C $1000. A is entitled to recover $500 from B.

2. The facts are as stated in Illustration 1, except that there are four trustees who participated in the breach of trust. A can recover $250 from each of the others.

c. Under the circumstances stated in Comment b, a trustee not only is entitled to recover from his co-trustee a proportionate share of what he has actually paid in making good the breach of trust but also is entitled to compel his co-trustee to join in making good the breach of trust by paying his share.

**Illustration:**

> 3. A and B are trustees for C. In breach of trust they fail to insure a house which is part of the trust estate and the house is damaged by fire. A pays half the amount of the damage. He can compel B to pay the other half.

d. *Trustees not equally at fault.* Where a breach of trust is committed and one of two trustees is substantially more at fault than the other, although both are liable to the beneficiary for the breach of trust, the loss should ultimately be borne by the trustee who is more at fault. If, therefore, that trustee makes good the amount of the loss resulting from the breach of trust, he is not entitled to contribution from the other trustee; and, conversely, if the other trustee makes good the loss, he is entitled not merely to contribution but to indemnity from the trustee who is more at fault.

In determining whether one trustee is so substantially more at fault that he should bear the whole of the loss resulting from a breach of trust, the following factors are to be considered: (1) whether he fraudulently induced the other to join in the breach of trust; (2) whether he intentionally committed a breach of trust and the other was at most guilty of negligence; (3) whether because of his greater experience he controlled the conduct of the other, as in the case where he was an attorney and the other was a person without business experience who was accustomed to rely upon his judgment; (4) whether he alone committed the breach of trust and the other is liable only because of an improper delegation, or failure to exercise reasonable care to prevent him from committing a breach of trust, or neglect to take proper steps to compe' him to redress the breach of trust. See § 224.

**Illustration:**

> 4. A and B are trustees for C. B permits A to assume the sole management of the trust. A purchases securities which are not proper trust investments. B does not know of or consent to the purchase. The securities are sold at a loss of $1000. If A makes good the loss he is not entitled to

recover anything from B. If B makes good the loss he is entitled to recover $1000 from A.

*e.* On the other hand, one trustee is not so far in greater fault that he is not entitled to contribution merely because he was more negligent than the other or more active than the other in the commission of the breach of trust. The mere fact that one of the trustees did not actively participate in the breach of trust does not necessarily put him in the position of being substantially less at fault.

*f. Benefit received by one trustee.* Where one of two trustees receives a benefit from the breach of trust, the other is entitled to indemnity from him to the extent of the benefit.

**Illustrations:**

> 5. A and B are trustees for C. B improperly delegates the administration of the trust to A. A misappropriates $1000 of the trust property. If A makes good the loss he is not entitled to recover anything from B. If B makes good the loss he is entitled to recover $1000 from A.
>
> 6. A and B are trustees for C. A misappropriates $1000 of the trust property. B subsequently learning of the misappropriation fails to take steps to recover from A, and B is compelled to make good the loss. B is entitled to recover $1000 from A.
>
> 7. A and B are trustees for C. A and B join in purchasing Blackacre from A personally for $10,000, neither intending to defraud the beneficiary. Blackacre is worth $8000 at the time of the purchase and is subsequently sold for $8000. Although A and B are jointly and severally liable for $2000, A is not entitled to indemnity from B, but B is entitled to indemnity from A.
>
> 8. A and B are trustees for C. A and B join in making a payment in good faith to A of compensation for extra services to which A is not entitled. Although A and B are both liable to the beneficiary, A is not entitled to indemnity from B, but B is entitled to indemnity from A.

**Comment on Subsection (2):**

*g. Breach of trust committed in bad faith.* A trustee who commits a breach of trust in bad faith is on grounds of public policy precluded from recovering contribution or indemnity from

his co-trustees. In a case where several trustees join in the commission of a breach of trust in bad faith the beneficiary can compel any of them to make good the breach of trust and the loss will ultimately lie on the one who is compelled by the beneficiary to make good the breach of trust. Thus, if one of two trustees misappropriates a part of the trust property with the consent of the other, neither is entitled to contribution or indemnity from the other. An intentional participation in a known breach of trust is not within the rule stated in Subsection (2), unless it is committed in bad faith. Thus, where two trustees unite in purchasing speculative securities not intending, however, to misappropriate the property, neither is precluded from obtaining contribution from the other.

## TOPIC 11. INSTRUCTIONS AND ACCOUNTING

### § 259. Application to Court for Instructions

**The trustee is entitled to apply to the court for instructions as to the administration of the trust if there is reasonable doubt as to his duties or powers as trustee.**

Comment:

   *a. When trustee entitled to instructions.* The trustee is entitled to instructions of the court in respect to such matters as the proper construction of the trust instrument, the extent of his powers and duties, who are beneficiaries of the trust, the character and extent of their interests, the allocation or apportionment of receipts or expenditures between principal and income, the persons entitled to the income or to the trust property on the termination of the trust. The costs incurred in the application to the court for instructions are payable out of the trust estate, unless the application for instructions was plainly unwarranted so that it was improper for the trustee to incur the expense of making the application. See § 245.

   *b. When trustee not entitled to instructions.* The trustee is not entitled to instructions as to his powers or duties, unless there is a reasonable doubt as to the extent of his powers or duties.

   *c.* The court will not instruct the trustee as to questions which may never arise or may arise in the future but which have