*29 CFR 2509.75-8*

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright © 2003, LEXIS Publishing

\*\*\* THIS SECTION IS CURRENT THROUGH THE OCTOBER 23, 2003 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 29 -- LABOR
SUBTITLE B -- REGULATIONS RELATING TO LABOR
CHAPTER XXV -- EMPLOYEE BENEFITS SECURITY ADMINISTRATION, DEPARTMENT OF LABOR

SUBCHAPTER A -- GENERAL
PART 2509 -- INTERPRETIVE BULLETINS RELATING TO THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974

29 CFR **2509.75-8**

§ **2509.75-8** Questions and answers relating to fiduciary responsibility under the Employee Retirement Income Security Act of 1974.

The Department of Labor today issued questions and answers relating to certain aspects of fiduciary responsibility under the Act, thereby supplementing ERISA IB 75-5 (29 CFR 2555.75-5) which was issued on June 24, 1975, and published in the Federal Register on July 28, 1975 (40 FR 31598).

Pending the issuance of regulations or other guidelines, persons may rely on the answers to these questions in order to resolve the issues that are specifically considered. No inferences should be drawn regarding issues not raised which may be suggested by a particular question and answer or as to why certain questions, and not others, are included. Furthermore, in applying the questions and answers, the effect of subsequent legislation, regulations, court decisions, and interpretive bulletins must be considered. To the extent that plans utilize or rely on these answers and the requirements of regulations subsequently adopted vary from the answers relied on, such plans may have to be amended.

An index of the questions and answers, relating them to the appropriate sections of the Act, is also provided.

Index

Key to question prefixes: D -- refers to definitions; FR -- refers to fiduciary responsibility.

| Section No. | Question No. |
|---|---|
| 3(21)(A) | D-2, D-3, D-4, D-5. |
| 3(38) | FR-15. |
| 402(c)(1) | FR-12. |
| 402(c)(2) | FR-15. |
| 402( c)(3) | FR-15. |
| 403(a)(2) | FR-15. |
| 404(a)(1)(B) | FR-11, FR-17. |
| 405(a) | FR-13, FR-14, FR-16. |
| 405(c)(1) | FR-12, FR-15. |
| 405(c)(2) | D-4, FR-13, FR-14, FR-16. |



412          D-2.

Note: Questions D-2, D-3, D-4, and D-5 relate to not only section 3(21)(A) of Title I of the Act, but also section 4975(e)(3) of the Internal Revenue Code (section 2003 of the Act). The Internal Revenue Service has indicated its concurrence with the answers to these questions.

D-2 Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits;

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and options under the plan;

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration?

A: No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

However, although such a person may not be a plan fiduciary, he may be subject to the bonding requirements contained in section 412 of the Act if he handles funds or other property of the plan within the meaning of applicable regulations.

The Internal Revenue Service notes that such persons would not be considered plan fiduciaries within the meaning of section 4975(e)(3) of the Internal Revenue Code of 1954.

D-3 Q: Does a person automatically become a fiduciary with respect to a plan by reason of holding certain positions in the administration of such plan?

A: Some offices or positions of an employee benefit plan by their very nature require persons who hold them to perform one or more of the functions described in section 3(21)(A) of the Act. For example, a plan administrator or a trustee of a plan must, be the very nature of his position, have "discretionary authority or discretionary responsibility in the administration" of the plan within the meaning of section 3(21)(A)(iii) of the Act. Persons who hold such positions will therefore be fiduciaries.

Other offices and positions should be examined to determine whether they involve the performance of any of the functions described in section 3(21)(A) of the Act. For example, a plan might designate as a "benefit supervisor" a plan employee whose sole function is to calculate the amount of benefits to which each plan participant is entitled in accordance with a mathematical formula contained in the written instrument pursuant to which the plan is maintained. The benefit supervisor, after calculating the benefits, would then inform the plan administrator of the results of his calculations, and the plan administrator would authorize the payment of benefits to a particular plan participant. The benefit supervisor does not perform any of the functions described in section 3(21)(A) of the Act and is not, therefore, a plan fiduciary. However, the plan might designate as a "benefit supervisor" a plan employee who has the final authority to authorize or disallow benefit payments in cases where a dispute exists as to the interpretation of plan provisions relating to eligibility for benefits. Under these circumstances, the benefit supervisor would be a fiduciary within the meaning of section 3(21)(A) of the Act.

The Internal Revenue Service notes that it would reach the same answer to this question under section 4975(e)(3) of the Internal Revenue Code of 1954.

D-4 Q: In the case of a plan established and maintained by an employer, are members of the board of directors of the employer fiduciaries with respect to the plan?

A: Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries only to the extent that they have responsibility for the functions described in section 3(21)(A) of the Act. For example, the board of directors may be responsible for the selection and retention of plan fiduciaries. In such a case, members of the board of directors exercise "discretionary authority or discretionary control respecting management of such plan" and are, therefore, fiduciaries with respect to the plan. However, their responsibility, and, consequently, their liability, is limited to the selection and retention of fiduciaries (apart from co-fiduciary liability arising under circumstances described in section 405(a) of the Act). In addition, if the directors are made named fiduciaries of the plan, their liability may be limited pursuant to a procedure provided for in the plan instrument for the allocation of fiduciary responsibilities among named fiduciaries or for the designation of persons other than named fiduciaries to carry out fiduciary responsibilities, as provided in section 405(c)(2).

The Internal Revenue Service notes that it would reach the same answer to this question under section 4975(e)(3) of the Internal Revenue Code of 1954.

D-5 Q: Is an officer or employee of an employer or employee organization which sponsors an employee benefit plan a fiduciary with respect to the plan solely by reason of holding such office or employment if he or she performs none of the functions described in section 3(21)(A) of the Act?

A: No, for the reasons stated in response to question D-2.

The Internal Revenue Service notes that it would reach the same answer to this question under section 4975(e)(3) of the Internal Revenue Code of 1954.

FR-11 Q: In discharging fiduciary responsibilities, may a fiduciary with respect to a plan rely

on information, data, statistics or analyses provided by other persons who perform purely ministerial functions for such plan, such as those persons described in D-2 above?

A: A plan fiduciary may rely on information, data, statistics or analyses furnished by persons performing ministerial functions for the plan, provided that he has exercised prudence in the selection and retention of such persons. The plan fiduciary will be deemed to have acted prudently in such selection and retention if, in the exercise of ordinary care in such situation, he has no reason to doubt the competence, integrity or responsibility of such persons.

FR-12 Q: How many fiduciaries must an employee benefit plan have?

A: There is no required number of fiduciaries that a plan must have. Each plan must, of course, have at least one named fiduciary who serves as plan administrator and, if plan assets are held in trust, the plan must have at least one trustee. If these requirements are met, there is no limit on the number of fiduciaries a plan may have. A plan may have as few or as many fiduciaries as are necessary for its operation and administration. Under section 402(c)(1) of the Act, if the plan so provides, any person or group of persons may serve in more than one fiduciary capacity, including serving both as trustee and administrator. Conversely, fiduciary responsibilities not involving management and control of plan assets may, under section 405(c)(1) of the Act, be allocated among named fiduciaries and named fiduciaries may designate persons other than named fiduciaries to carry out such fiduciary responsibilities, if the plan instrument expressly provides procedures for such allocation or designation.

FR-13 Q: If the named fiduciaries of an employee benefit plan allocate their fiduciary responsibilities among themselves in accordance with a procedure set forth in the plan for the allocation of responsibilities for operation and administration of the plan, to what extent will a named fiduciary be relieved of liability for acts and omissions of other named fiduciaries in carrying out fiduciary responsibilities allocated to them?

A: If named fiduciaries of a plan allocate responsibilities in accordance with a procedure for such allocation set forth in the plan, a named fiduciary will not be liable for acts and omissions of other named fiduciaries in carrying out fiduciary responsibilities which have been allocated to them, except as provided in section 405(a) of the Act, relating to the general rules of co-fiduciary responsibility, and section 405(c)(2)(A) of the Act, relating in relevant part to standards for establishment and implementation of allocation procedures.

However, if the instrument under which the plan is maintained does not provide for a procedure for the allocation of fiduciary responsibilities among named fiduciaries, any allocation which the named fiduciaries may make among themselves will be ineffective to relieve a named fiduciary from responsibility or liability for the performance of fiduciary responsibilities allocated to other named fiduciaries.

FR-14 Q: If the named fiduciaries of an employee benefit plan designate a person who is not a named fiduciary to carry out fiduciary responsibilities, to what extent will the named fiduciaries be relieved of liability for the acts and omissions of such person in the performance of his duties?

A: If the instrument under which the plan is maintained provides for a procedure under which a named fiduciary may designate persons who are not named fiduciaries to carry out fiduciary responsibilities, named fiduciaries of the plan will not be liable for acts and omissions of a person who is not a named fiduciary in carrying out the fiduciary responsibilities which such person has been designated to carry out, except as provided in section 405(a) of the Act, relating to the general rules of co-fiduciary liability, and section 405(c)(2)(A) of the Act, relating in relevant part to the designation of persons to carry out fiduciary responsibilities.

However, if the instrument under which the plan is maintained does not provide for a

procedure for the designation of persons who are not named fiduciaries to carry out fiduciary responsibilities, then any such designation which the named fiduciaries may make will not relieve the named fiduciaries from responsibility or liability for the acts and omissions of the persons so designated.

FR-15 Q: May a named fiduciary delegate responsibility for management and control of plan assets to anyone other than a person who is an investment manager as defined in section 3(38) of the Act so as to be relieved of liability for the acts and omissions of the person to whom such responsibility is delegated?

A: No. Section 405(c)(1) does not allow named fiduciaries to delegate to others authority or discretion to manage or control plan assets. However, under the terms of sections 403(a)(2) and 402(c)(3) of the Act, such authority and discretion may be delegated to persons who are investment managers as defined in section 3(38) of the Act. Further, under section 402(c)(2) of the Act, if the plan so provides, a named fiduciary may employ other persons to render advice to the named fiduciary to assist the named fiduciary in carrying out his investment responsibilities under the plan.

FR-16 Q: Is a fiduciary who is not a named fiduciary with respect to an employee benefit plan personally liable for all phases of the management and administration of the plan?

A: A fiduciary with respect to the plan who is not a named fiduciary is a fiduciary only to the extent that he or she performs one or more of the functions described in section 3(21)(A) of the Act. The personal liability of a fiduciary who is not a named fiduciary is generally limited to the fiduciary functions, which he or she performs with respect to the plan. With respect to the extent of liability of a named fiduciary of a plan where duties are properly allocated among named fiduciaries or where named fiduciaries properly designate other persons to carry out certain fiduciary duties, see question FR-13 and FR-14.

In addition, any fiduciary may become liable for breaches of fiduciary responsibility committed by another fiduciary of the same plan under circumstances giving rise to co-fiduciary liability, as provided in section 405(a) of the Act.

FR-17 Q: What are the ongoing responsibilities of a fiduciary who has appointed trustees or other fiduciaries with respect to these appointments?

A: At reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan. No single procedure will be appropriate in all cases; the procedure adopted may vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure.

**HISTORY:**
[40 FR 47491, Oct. 9, 1975. Redesignated at 41 FR 1906, Jan. 13, 1976]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
29 U.S.C. 1135 and Secretary of Labor's Order 1-2003, 68 FR 5374 (Feb. 3, 2003). Secs. 2509.75-10 and 2509-75-2 issued under 29 U.S.C. 1052, 1053, 1054.

**NOTES:**
NOTES APPLICABLE TO ENTIRE SUBTITLE:
CROSS REFERENCES: Railroad Retirement Board: See Employees' Benefits, 20 CFR chapter II.
Social Security Administration: See Employees' Benefits, 20 CFR chapter III.

EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR chapters I, IV, V, VI, VII; 30 CFR chapter I; 41 CFR chapters 50, 60, and 61; and 48 CFR chapter 29.

NOTES APPLICABLE TO ENTIRE CHAPTER:
[PUBLISHER'S NOTE: Nomenclature changes affecting Chapter XXV appear at 68 FR 16399, 16400, Apr. 3, 2003.]

2561 words