UNITED STATES DISTRICT *COURT*
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DENNIS ALLEN, ET AL.,**<br>     **PLAINTIFFS** | CASE NO. C-1-01-159<br>(WEBER, J.)<br>(HOGAN, M.J.) |
| VS. | |
| **JOHN CRARY, ET AL.,**<br>     **DEFENDANTS** | |

**REPORT AND RECOMMENDATION**

Before the Court are Third Party Defendants Polly Jones and Shirley Monroe's Motion to Dismiss Defendant John L. Crary's Third-Party Complaint for Failure to State a Claim (Doc. 49), Defendant's Crary's Memorandum in Opposition (Doc. 52) and Third-Party Defendants' Reply (Doc. 54). The Third-Party Defendants' Motion should be denied for the reasons which follow. This decision involves a question of statutory construction not previously ruled upon by the Sixth Circuit. There are precedents on both sides of the question.

The Third-Party Defendants (Jones and Monroe) filed this Motion pursuant to Rule 12(b)(6) because they assert that claims for indemnity are not cognizable claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C., § 1001 et seq. (ERISA). Jones is an employee of Pickering Insurance, the administrator of Lassen's group health and 401K plans. Monroe works for the Lassen Companies as the Human Resources Director and it is alleged that she was the person who actually deducted the disputed funds from the Wright-Bernet, Inc. employees' paychecks. Plaintiff's claims against Crary are based on the theory that Crary, who was not the named fiduciary, functioned as a fiduciary because Crary "had actual knowledge of the fraud with respect to the health care plan and took no action to remedy the breach." Plaintiffs assert that what Crary should have done was to seek to remove Lassen Companies' CEO, Defendant Leonard Kristal, who is represented to be judgment proof. It

seems apparent that Crary is charged with passive conduct by Plaintiffs, but the Third-party Defendants are charged by Crary with active malfeasance.

Jones and Monroe assert that Plaintiffs brought their Complaint under § 502(a)(3) of ERISA, which permits a cause of action by a participant, beneficiary or fiduciary to enjoin an act or practice which violates Title I of ERISA or of the terms of the plan, or to obtain any other appropriate equitable relief to redress such violation. Jones and Monroe argue that *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993) and *Great-West Life and Annuity Co. v. Knudson*, 534 U.S. 204 (2002) preclude the equitable relief of indemnity. They also cite *Daniels v. Nat'l Employee Benefit Services, Inc.,* 877 F. Supp. 1067 (N.D. Ohio, 1995) and *Roberts v. Taussig*, 39 F. Supp.2d 1010 (N.D. Ohio, 1999) as supporting their argument. Although *Daniels* involved a contribution claim, the District Court in *Roberts* dismissed both claims for contribution and indemnity.

Crary's argument makes several points. First, Crary argues that his right of indemnification exists in federal common law and is not precluded by *Great West Life and Annuity Company v. Knudson*, 534 U.S. 204 (2002). Secondly, Crary argues that since "ERISA abounds with the language and terminology of trust law," and since trust law includes a right to contribution and indemnity, his right to indemnity should be preserved. Third, Crary argues that the Circuits are split on whether the right of indemnification exists in ERISA cases. Fourth, Crary argues that it is bad public policy and therefore bad law to permit both the innocent Plaintiffs and the more culpable than Crary, Third-Party Defendants, to point the finger at Crary, the effect of which is to absolve more culpable parties.

We begin our analysis with a review of the *Great West Life and Annuity Company v. Knudson* case, since both parties interpret its finding differently. The facts are these. Janette Knudson was injured in an automobile accident. Knudson's husband, Eric, worked for Earth Systems, Inc., which had a health plan providing coverage to Mrs. Knudson through Great West Life and Annuity Insurance Co., whose policy had a reimbursement provision, allowing it to recover from the beneficiary any amounts paid by the plan and recovered from a third person. The third person was Hyundai Motor Company, from whom the Knudsons recovered a settlement in the amount of approximately $650,000. Great West paid approximately $400,000+ to Knudson and attempted to recover the amount it paid in a § 502(a)(3) ERISA action filed against the Knudsons. Summary judgment was awarded to the Knudsons by the federal trial

court and affirmed on appeal.  The Supreme Court affirmed.

The Supreme Court held that § 502(a)(3) of ERISA authorizes a civil action to enjoin any act or practice which violates the terms of a plan or to obtain appropriate equitable relief.  The Court equated "equitable relief" to "those categories of relief that were typically available in equity."  The Court held that the type of remedy sought by the carrier was legal, not equitable, because in the words of Justice Scalia "[a] claim for money due and owing is quintessentially an action at law."  The Court cited with approval its decision in *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993), a decision also authored by Justice Scalia, in which he wrote: " . . . the text of ERISA leaves no doubt that Congress intended equitable relief to include only those types of relief that were typically available in equity, such as injunction, mandamus, and restitution."  The *Mertens* case is an action brought by plan beneficiaries against the plan's fiduciary and actuary, the latter of which was a non-fiduciary.  The Court held that the suit sought compensatory damages, a form of legal relief, so the trial judge's dismissal of the complaint was affirmed at both appellate levels.

The instant case differs from the *Great West Life* case because Defendant Crary seeks common law indemnification, not contractual reimbursement.  The instant case differs from *Mertens* because Crary seeks indemnity from fiduciaries named as third-parties.  In *Mertens*, the plan beneficiaries sought direct compensation from the plan's fiduciary and the actuary providing investment advice to the fiduciary.  Neither case dealt with the remedy of indemnification, which this court finds to be a form of equitable relief and not precluded by ERISA simply because the term indemnification is not mentioned in § 502(a)(3).  *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12  (2nd Cir. 1991); *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984).  Rather, we find common law indemnity to be a type of relief typically available in equity and a remedy which does not conflict with ERISA's enforcement scheme.

There is support, however, for a contrary view.  In *Roberts v. Taussig*, 39 F. Supp.2d 1010 (N.D. Ohio March 22, 1999), Judge Economus held that "[t]he presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement."  Thus, Judge Economus held that there is no right of contribution or indemnification under ERISA.  In *Daniels v. National Employee Benefit Services, Inc.*, 877 F. Supp. 1067 (N.D. Ohio February 23, 1995), Judge Aldrich reasoned that a right to contribution may arise in two ways, first through

the affirmative creation of a right of action by Congress, either expressly or by clear implication; or second, the power of the federal courts to fashion a common law of contribution. Judge Aldrich then said that there are two instances in which courts are authorized to formulate federal common law: "those in which a federal rule of decision is necessary to protect uniquely federal interests . . . and those in which Congress has given the courts the power to develop substantive law." Judge Aldrich then said that contribution does not fall into the first category, a proposition with which we agree. Judge Aldrich than concluded by saying that "[n]othing in the language of ERISA or its legislative history suggests that Congress has given courts power to develop substantive law in this area." Both judges from the Northern District of Ohio agree that omission of a specific remedy from the ERISA scheme suggest the absence of an intent to create such a remedy. Our belief is that such an intent cannot be inferred from a statutory scheme, the purpose of which is to provide protection to plan beneficiaries and not to make distinctions between the passive and active misconduct of plan fiduciaries.

**IT IS THEREFORE RECOMMENDED THAT:**

1)   The Third-Party Defendants Motion to Dismiss (Doc. 49) be DENIED.


November 12, 2003                 s/Timothy S. Hogan
                                               Timothy S. Hogan
                                               United States Magistrate Judge

J:\HOGANTS\allen3.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**Dennis Allen, et al.,**
    **Plaintiffs,**

           v.

**John Crary, et al.,**
    **Defendants.**

CASE NO. C-1-01-159
(Weber, Sr., J.; Hogan, M.J.)

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 11/12/2003. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.