UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DENNIS ALLEN ET AL.,** <br> **PLAINTIFFS** <br><br> VS. <br><br> **JOHN CRARY, ET AL.,** <br> **DEFENDANTS** | **CASE NO. C-1-01-159** <br> **(WEBER, J.)** <br> **(HOGAN, M.J.)** |

## ORDER

Before the Court are Third-Party Defendants, Polly Jones and Shirley Monroe's Expedited Motion to Continue the Dispositive Motions Deadline on Third-Party Claims Only (Doc. 60), Defendant Crary's Memorandum in Opposition (Doc. 64) and Third-Party Defendant's Reply (Doc. 62). For the reasons which follow, Third-Party Defendants' Motion is denied.

## BACKGROUND INFORMATION

The Plaintiffs are either current or former employees of Wright-Bernet, Inc. Defendant Lassen, Inc. is a holding company which owns Wright-Bernet, Inc. and serves as the named fiduciary and plan sponsor for the health and 401K plan for Wright-Bernet, Inc. employees. Defendant Crary is the Chairman of Lassen's Board of Directors. Defendant Kristal is Lassen's CEO and the Plan Administrator for the 401K plan. It is alleged that pursuant to a collective bargaining agreement between Lassen and the Glass, Moulders, Pottery, Plastic and Allied Industrial Workers Union, Local No. 41, Wright Bernet, Inc. was required to pay a certain percent of the cost of medical insurance, the balance to be paid by the employee in the form of payroll deductions. It is alleged that Lassen deducted employee contributions from employee's wages and diverted the funds to the general assets of Lassen, Inc. The consequences to those

employees were a denial of claims.

## OPINION

Defendant Polly Jones is the Plan Administrator for the Group Benefits Plan. Shirley Monroe is Lassen's Director of Human Resources. Both are brought into this case by the Third-Party Complaint of Defendant, John Crary, who seeks indemnity in the event of a judgment in favor of Plaintiffs and against him. In May, 2003, both Jones and Monroe filed Motions to Dismiss, well within the Calendar Order's July 15, 2003 deadline for the filing of dispositive motions. That Calendar Order has subsequently been amended and the new deadline for the filing of dispositive motions is October 15, 2003. It would therefore appear that since the Third-party motions were filed within either deadline, this motion (Doc. 60) should be DENIED AS MOOT.

In the event that Third-party Defendants are seeking to stay third-party discovery until the Court rules on their Motions to Dismiss, that request is also DENIED.


November 12, 2003                                 s/Timothy S. Hogan
                                               Timothy S. Hogan
                                               United States Magistrate Judge


J:\HOGANTS\allen2.wpd