UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>　　　　Defendants.<br><br>JOHN L. CRARY,<br><br>　　　　Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>　　　　Cross-Defendant.<br><br>JOHN L. CRARY,<br><br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>　　　　Third-Party Defendants | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DEFENDANT JOHN L. CRARY'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO CLARIFY THE ORDER DENYING AS MOOT THEIR EXPEDITED MOTION TO CONTINUE THE DISPOSITIVE MOTIONS DEADLINE ON THIRD-PARTY CLAIMS ONLY. |

　　　　Defendant John L. Crary, by and through his counsel, hereby respectfully submits his Opposition to Third-Party Defendant's motion to clarify the order denying as moot their expedited motion to continue the dispositive motions deadline on third-party claims only. This Opposition is based upon this Memorandum of Points and Authorities and all other pleadings and papers on file

- 1 -

or to be filed in support of this Opposition and upon such other and further argument as may be presented at any hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On or about July 3, 2002, Plaintiffs filed their First Amended Complaint with this Court against Defendant John L. Crary ("Crary") alleging breach of fiduciary duty and prohibited transactions under ERISA. Crary moved to dismiss and, on April 3, 2003, Magistrate Judge Hogan issued his Report and Recommendation denying Crary's motion and holding that "*Plaintiffs must demonstrate what [Crary] knew and when he knew it and apply either the actual or constructive knowledge of Mr. Crary to each transaction engaged in by the Plan Administrator.*" Report and Recommendation, page 5.

Crary filed his motion for summary judgment on October 15, 2003 in accordance with this Court's amended scheduling order. Plaintiffs and Third-Party Defendants filed a raft of pleadings on November 10, 2003, all untimely under this Court's amended scheduling order. Two days after Plaintiffs' and Third-Party Defendants' untimely filings, this Court denied Plaintiffs' motion to extend the dispositive motions cutoff date.

Crary notes that the electronic filing of Plaintiffs' motion is garbled at best, and illegible at worst, and that, as of this writing, Crary was not served with a paper copy of Plaintiffs' motion.

Plaintiffs now request clarification of the Court's Order due to their belief that this Court mistakenly identified the wrong deadline that was the subject of their motion. Crary submits that this Court made no mistake.

### II.

### PLAINTIFFS' MOTION TO CLARIFY SHOULD BE DENIED

Plaintiffs seem to interpret the Court's inaction on their motion as license to wait for a ruling. It is clear however that the amended scheduling order of this Court is, and always has been, firmly in pace until modified. Without modification; without a ruling on Plaintiffs' motion, the

amended scheduling order is the order of this Court and, Crary submits, should be followed. In the absence of this Court granting Plaintiffs' motion to continue, Plaintiffs should have respected the Court's scheduling order.

But they did not. They filed a raft of pleadings, all of which were late. Even the opposition to Crary's motion for summary judgment was late, despite Plaintiffs' assertions otherwise. The amended scheduling order clearly requires any opposition to a dispositive motion to be filed within 20 days. Crary brought his motion for summary judgment on October 15, 2003, in accordance with the scheduling order. Plaintiffs' opposition was due 20 days later, on November 4, but Plaintiffs instead filed their opposition November 10, 2003, 6 days later. Crary does not like making procedural arguments of this sort, but Plaintiffs' disregard for this Court's orders is baffling.

And Plaintiffs have now put Crary in an awkward position. Crary's reply is clearly due 10 days after the date of Plaintiffs' opposition. In reliance on the scheduling order, Crary is filing a reply 10 days after Plaintiffs' opposition, November 20, 2003. But the scheduling order could be interpreted to mean that Crary's reply is due 10 days after Plaintiffs' opposition was <u>due</u>. This would have given Crary only 4 days to reply to Plaintiffs' 31-page opposition, which would have been a hardship. Crary's decision to take the full 10 days puts Crary at risk that his reply will be disregarded as being 6 days late.

Both motions to dismiss and motions for summary judgment find their authority in Rule 12(b)(6), Fed. R. Civ. P. Both may be dispositive. While evidentiary support is permitted in a 12(b)(6) motion, as a motion for summary judgment, such evidence is not required in either kind of dispositive motion.

The similarity of motions to dismiss and summary judgment motions is highlighted by cases such as <u>Wallin v. Norman, et al.</u>, 317 F.3d 558 (6th Cir. 2003), in which the defendants brought a motion to dismiss and/or for summary judgment, after the plaintiff claimed he was denied proper medical treatment while in prison, and that those responsible for his allegedly inadequate medical care were deliberately indifferent to his serious medical needs, all in violation

of the Eighth Amendment. He sued certain prison officials who filed a motion to dismiss and/or for summary judgment, asserting qualified immunity as a defense. Their motion to dismiss was denied, and the district court declined to address the merits of their summary judgment motion pending the completion of discovery. The Sixth Circuit affirmed the decision of the district court regarding the motion to dismiss but reversed its decision to defer a ruling on the motion for summary judgment. Judge Gilman noted that the defense of qualified immunity was supposed to avoid many defense costs and therefore the court should have ruled on the summary judgment motion.

Similarly, in Risch *v.* United States Postal Service, 244 F.3d (6th Cir. 2001), Delores Risch brought suit against William J. Henderson, Postmaster General of the United States of America, alleging, among other things, that the postmaster of the Rochester Hills Post Office in Rochester Hills, Michigan, kept "secret files" pertaining to Risch and other post office employees, in violation of the Privacy Act of 1974, 5 U.S.C. § 552a. The district court granted summary judgment to Henderson after concluding that the maintenance of the allegedly "secret files" was not a violation of the Privacy Act, and even if there were a violation, Risch was unable to show she had either suffered "actual damages" from the maintenance of the files or had exhausted available administrative remedies, elements necessary to support a cause of action under the Privacy Act. In its opinion, the Sixth Circuit noted that it could not improve on "Judge Duggan's excellent opinion and its conclusion that there are no genuine issues of material fact with respect to any of Risch's claims, [and therefore] we adopt Judge Duggan's opinion as our own." Risch at 511.

These cases, and many others, highlight the similarity of motions to dismiss and motions for summary judgment, brought under Rule 12(b)(6). The Court here was fully within its power to treat the motions to dismiss brought by the Third-Party Defendants as dispositive motions. Additionally, here the Third-Party Defendants have not proffered any evidence supporting their claims of a well-brought summary judgment motion.

For these reasons, Crary respectfully submits that no clarification is necessary to this Court's Order Denying as moot Third-Party Defendants motion to extend the dispositive motions

1  cutoff date.

2  November 18, 2003

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 5 -
DEFENDANT JOHN L. CRARY'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO CLARIFY THE ORDER DENYING AS MOOT THEIR EXPEDITED MOTION TO CONTINUE THE DISPOSITIVE MOTIONS DEADLINE ON THIRD-PARTY CLAIMS ONLY.

Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
617 Vine St.
Suite 1401
Cincinnati, Ohio 45202
Telephone: (513) 721-4900
Facsimile: (513) 639-7011

and

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:    (650) 227-8000
Facsimile:    (650) 227-8001

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leonard Kristal (pro se)              Leonard Kristal
620 North Third Street                ldkristal@yahoo.com
Aspen, Colorado  81611

Leonard Kristal                       David M. Cook (0023469)
2116 East Thackery Street             22 West Ninth Street
West Covina, CA 91791                 Cincinnati, OH  45202


/s/ *Stephen R. Felson*

DEFENDANT JOHN L. CRARY'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO CLARIFY THE ORDER DENYING AS MOOT THEIR EXPEDITED MOTION TO CONTINUE THE DISPOSITIVE MOTIONS DEADLINE ON THIRD-PARTY CLAIMS ONLY.