UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS ALLEN, et al.** | : | Case No. C-1-01-159 |
| **Plaintiffs** | : | |
| | | Judge Herman S. Weber |
| v. | : | |
| | | Magistrate Judge Timothy S. Hogan |
| **JOHN CRARY, et al.** | : | |
| **Defendant/ Third-Party Plaintiff** | : | **THIRD-PARTY DEFENDANT SHIRLEY MONROE'S ANSWER TO DEFENDANT JOHN L. CRARY'S THIRD-PARTY COMPLAINT** |
| v. | : | |
| **POLLY JONES, ET AL.** | : | |
| **Third-Party Defendants** | : | |
| | : | |

\* \* \* \* \*

Third-Party Defendant Shirley Monroe ("Monroe"), by and through counsel, hereby submits her Answer to Defendant John L. Crary's ("Crary") Third-Party Complaint. Monroe files this Answer in response to Magistrate Judge Hogan's Report and Recommendation, dated November 12, 2003, in which he recommended denying the Motion to Dismiss filed by Monroe and Polly Jones. Monroe and Jones accordingly have filed contemporaneously herein a Motion to Review the Recommendation and Report. Because the Court has not yet ruled on Magistrate Judge Hogan's Report and Recommendation, the filing of this Answer is not required under Fed. R. Civ. Pro. 12(a)(4)(A). Nonetheless, out of an abundance of caution and reserving all rights with respect to the pending motion to dismiss, Monroe files this response to Crary's Complaint and states as follows:

1. Monroe admits the allegations set forth in Paragraph 1 of Crary's Complaint.

2. With respect to the allegations set forth in Paragraph 2 of Crary's Complaint, Monroe admits that Crary has filed this third-party complaint against Monroe and others. Monroe denies the remaining allegations therein.

3. Monroe admits the allegations set forth in Paragraph 3 of Crary's Complaint.

4. Monroe admits the allegations set forth in Paragraph 4 of Crary's Complaint.

5. With respect to the allegations set forth in Paragraph 5 of Crary's Complaint, Monroe admits that Crary was Chairman of the Board of the Directors of The Lassen Companies, Inc. ("Lassen"). Monroe denies the remaining allegations therein.

6. With respect to the allegations set forth in Paragraph 6 of Crary's Complaint, Monroe admits that Polly Jones was named as the plan administrator for Lassen's employee health benefits plans. Monroe denies the remaining allegations therein.

7. Monroe denies the allegations set forth in Paragraph 7 of Crary's Complaint.

8. With respect to the allegations set forth in Paragraph 8 of Crary's Complaint, Monroe admits that she was at one time the director of human resources for Lassen and that she assisted with the preparation of payroll for certain of Lassen's

employees. Monroe denies the remaining allegations therein.

9. With respect to the allegations set forth in Paragraph 9 of Crary's Complaint, Monroe admits that she assisted with the preparation of payroll for certain of Lassen's employees. Monroe denies the remaining allegations therein.

10. With respect to the allegations set forth in Paragraph 10 of Crary's Complaint, Monroe admits that James Thelan was the former controller for Lassen and that he had some responsibilities in that capacity over Lassen's financial affairs. Monroe further admits that she reported to Thelan, among other members of Lassen's management. Monroe denies the remaining allegations therein.

11. With respect to the allegations set forth in Paragraph 11 of Crary's Complaint, Monroe admits that, as Lassen's controller, James Thelan exercised some authority and control over the disposition of employee contributions to Lassen's employee benefits plans. Monroe is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations therein and, therefore, denies same.

12. With respect to the allegations set forth in Paragraph 12 of Crary's Complaint, Monroe admits that Lassen's employee health benefits plans were partially self-funded plans. Monroe further admits that Polly Jones was named as the plan administrator for these plans. Monroe denies the remaining allegations therein.

13. With respect to the allegations set forth in Paragraph 13 of Crary's Complaint, Monroe admits that she assisted with the preparation of payroll for some of Lassen's employees. Monroe further admits that employee contributions to the health benefits plans continued to be deducted from Lassen employees' paychecks while the plans were on administrative hold. Monroe denies the remaining allegations therein.

14. With respect to the allegations set forth in Paragraph 14 of Crary's Complaint, Monroe admits that James Thelan was the former controller for Lassen and that he had some responsibilities in that capacity over Lassen's financial affairs. Monroe further admits that she reported to Thelan, among other members of Lassen's management. Monroe is without sufficient knowledge or information to form a belief as to the truth of the allegation that Thelan as Lassen's controller exercised the authority of signing company checks and, therefore, denies same. Monroe denies the remaining allegations therein.

15. With respect to Paragraph 15 of Crary's Complaint, Monroe adopts and incorporates herein by reference her foregoing responses to paragraphs 1-14 of Crary's Complaint.

16. Monroe denies the allegations set forth in Paragraph 16 of Crary's Complaint.

17. Monroe denies all allegations set forth in Crary's Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

18. Crary fails to state a claim against Monroe upon which relief can be granted.

19. Crary cannot recover on a claim for indemnity against Monroe because Crary cannot prove that Plaintiffs' losses were the result of a breach of fiduciary duty by Monroe.

20. Crary cannot recover on a claim for indemnity against Monroe because Crary cannot prove that Monroe was substantially more at fault for Plaintiffs' losses than Crary.

21. Crary cannot recover on a claim for indemnity against Monroe because Crary committed one or more breaches of fiduciary duty in bad faith.

22. Crary's claim for equitable relief against Monroe is barred because he has come before the Court with unclean hands.

WHEREFORE, Shirley Monroe, having fully answered the Complaint, prays for the following relief:

1. Dismissal of Crary's Complaint with prejudice;

2. Reimbursement of costs expended in the defense thereof; and

3. Any and all just and proper relief to which she may be entitled.

Respectfully submitted,

s/ Stephen A. Simon
_____
David M. Cook (0023469)
Stephen A. Simon (0068268)
DAVID M. COOK, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax:    (513) 721-1178

Trial Attorneys for Shirley Monroe

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served this 24th day of November, 2003, via U.S. regular mail, postage prepaid, upon the following:

Leonard Kristal
107 Diablo Drive
Kentfield, California 94904

Stephen R. Felson
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Trial Attorney For Defendant Crary

Paul D. Marotta
Christopher D. Denny
Jennifer Chen
The Corporate Law Group
500 Airport Blvd., Suite 120
Burlingame, CA 94010
Of Counsel for Defendant Crary

                                          s/ Stephen A. Simon

                                          _____
                                          ATTORNEY FOR SHIRLEY MONROE