UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS ALLEN, et al.** | : | Case No. C-1-01-159 |
| **Plaintiffs** | : | |
| | | Judge Herman S. Weber |
| v. | : | |
| | | Magistrate Judge Timothy S. Hogan |
| **JOHN CRARY, et al.** | : | |
| **Defendant/ Third-Party Plaintiff** | : | **THIRD-PARTY DEFENDANTS POLLY JONES'S AND SHIRLEY MONROE'S MOTION TO REVIEW REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF SAME** |
| v. | : | |
| **POLLY JONES, et al.** | : | |
| **Third-Party Defendants** | : | |
| | : | |

\* \* \* \* \*

Third-Party Defendants Polly Jones ("Polly Jones") and Shirley Monroe ("Shirley Monroe") hereby move the Court to review the Report and Recommendation, dated November 12, 2003, by Magistrate Judge Hogan to Deny Jones's and Monroe's Motion to Dismiss Defendant John L. Crary's ("Crary") Third-Party Complaint. The grounds for the motion are more fully set forth in the supporting memorandum below.

**MEMORANDUM IN SUPPORT**

On May 9, 2003, Jones and Monroe moved to dismiss Crary's claims for indemnity asserted against them on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA") provided no right of action for contribution or indemnification because Congress did not explicitly provide for such rights in the statutory scheme. (R. 49). In his Report and Recommendation, Magistrate Judge

Hogan ruled that a plan fiduciary could assert such a third-party claim against another alleged fiduciary. (R. 88). The Court should not follow the Magistrate Judge's decision because (1) it misconstrues Supreme Court precedent on ERISA; (2) it directly conflicts with three decisions of the Northern District of Ohio on this precise issue, (3) it is based on an erroneous distinction between "active" and "passive" fiduciaries.

A.  **The Report and Recommendation is Inconsistent with the Supreme Court's Decision in *Great-West Life & Annuity Ins. Co. v. Knudson*.**

There is no dispute that ERISA, which provides a comprehensive scheme for enforcement with respect to employee benefit plans, does not expressly provide for the right of contribution or indemnification among its enumerated remedies. *See* 29 U.S.C. §1001, *et seq.* Thus, Crary's sole basis for asserting a claim for indemnity here is that this equitable remedy is permitted under the common law of trusts and that courts may develop such equitable remedies in interpreting ERISA. However, the Supreme Court recently has reiterated its position that it is "especially 'reluctant to tamper with [the] enforcement scheme' embodied in [ERISA] by extending remedies not specifically authorized by its text." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (quoting *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). In *Knudson*, the Court observed that it previously has "noted that ERISA's 'carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (quoting *Mertens v. Hewit Assocs.*, 508 U.S. 248, 254 (1993)) (emphasis in original). In his Report and Recommendation, Magistrate Hogan describes *Knudson* in length but utterly ignores this critical admonition by the Court. It

is clear that the Supreme Court in *Knudson* -- as it had in prior cases -- strongly cautioned lower courts to avoid creating new remedies in ERISA actions where those remedies are not specifically enumerated in the statute. Because the Report and Recommendation recognizes a right of indemnification that is not identified in the statute, the decision is inconsistent with the Supreme Court's recent guidance on this subject.

**B.    The Report and Recommendation Directly Contradicts Three Decisions of the Northern District of Ohio.**

If the Court follows the Report and Recommendation, it will for the first time create a split of authority among Ohio federal district courts on the issue of whether a right of indemnification or contribution is permitted in an ERISA action. Three different judges in the Northern District of Ohio have had the opportunity to address this precise issue, and all three have uniformly decided that no such right exists. *Daniels v. Nat'l Employee Benefit Services, Inc.*, 877 F. Supp. 1067 (N.D. Ohio. 1995) (J. Aldrich); *Roberts v. Taussig*, 39 F. Supp.2d 1010 (N.D. Ohio 1999) (J. Economus); *Williams v. Provident Investment Counsel, Inc.*, 279 F. Supp. 2d 894 (N.D. Ohio 2003) (J. Carr). This Court should follow these well-reasoned decisions of the Northern District.

Judge Carr's argument in *Williams v. Provident Investment Counsel, Inc.*, a case which the Report and Recommendation does not address,[1] is especially compelling. Judge Carr's analysis begins with the premise that "ERISA does not speak to, much

---

[1] The *Williams* decision was issued after the Motion to Dismiss was filed. Thus, Monroe and Jones filed a "Supplemental Citation of Authority for their Memorandum in Support of Their Motion to Dismiss" on September 30, 2003, in which they alerted Magistrate Judge Hogan to this recent decision. (R. 63).

less expressly authorize, a right of contribution [or indemnification] among ERISA fiduciaries." *Id.* at 899. Thus, a right of contribution or indemnification can only exist through an expansion of the "federal common law" under ERISA. Judge Carr notes, however, that "[t]he development of federal common law under ERISA is appropriate only when 'necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress.'" *Id.* at 900 (quoting *Bollman Hat Co. v. Root*, 112 F.3d 113, 118 (3rd Cir. 1997)).

Judge Carr concluded that "Congress did not intend the courts to create a right of contribution among ERISA co-fiduciaries" because "[n]othing in the language, structure, or stated purpose of ERISA suggests that Congress has given courts the power to develop substantive law in this area." *Id.* Judge Carr reasoned that Congress undoubtedly was aware of the common law right of contribution available under trust law at the time ERISA was enacted, such that its failure to incorporate this right in the statute's "carefully crafted and detailed enforcement scheme of the statute" reflects an intent by Congress to not authorize this particular remedy. *Id.* at 900-901 (quoting *Mertens*, 508 U.S. at 254; *Russell*, 473 U.S. at 146-47).

In addition, Judge Carr expressly rejected the defendant fiduciary's argument -- the same argument that Crary repeatedly has advanced here and which the Report and Recommendation implicitly adopted -- that its being targeted in the lawsuit was a product of "collusiveness" between the plaintiffs and other parties involved in the dispute. *Id.* at 902. Judge Carr unequivocally asserted that the plaintiffs in an ERISA action should be able to "choose, if they believe they are able to do so, among various

4

targets." He explained that "[w]hile this opportunity may well give rise to collusiveness, as [the defendant] suggests, it also enables greater efficiency and enhances the likelihood of more prompt recovery against the party that, [from the plaintiffs' perspective], appears either most culpable or judgment-worthy, or both." *Id.*

Finally, Judge Carr aptly noted that benefit plans which have "incurred large losses as a result of a fiduciary's nonperformance . . . should not endure the additional expense involved in participating in cross-claims and third-party actions." *Id.* This point is especially compelling on the facts of this case. Crary's assertion of these third-party claims against Jones and Monroe is nothing more than an unnecessary distraction from Plaintiffs' attempt to recover their significant losses from Crary, due to his multiple breaches of fiduciary duty. After all, the purpose of ERISA is to protect the rights of employees who participate in employee benefit plans; "[t]here is no indication that Congress 'was concerned with softening the blow on joint wrongdoers.'" *Id.* at 901 (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1433 (9th Cir. 1989)). Crary's claims for indemnity against Jones and Monroe should be dismissed.

**C.    The Report and Recommendation Is Based on a Previously Unrecognized Distinction Between "Active" and "Passive" Fiduciaries.**

In the concluding sentence of the Report and Recommendation, Magistrate Judge Hogan states that he cannot agree that ERISA's silence on the right of indemnification reflects an intent by Congress *not* to create such a remedy because "the purpose of [ERISA] is to provide protection to plan beneficiaries and *not to make distinctions between the passive and active misconduct of plan fiduciaries.*" (Report, p. 4) (emphasis added). Magistrate Judge Hogan is correct that ERISA, which provides for

joint and several liability against breaching fiduciaries, makes no distinction between the relative culpability of breaching fiduciaries. *See Daniels*, 877 F. Supp. at 1073; ERISA §405(a), 29 U.S.C. §1105(a). However, it is the Report and Recommendation that makes this distinction.

The decision is premised on Magistrate Judge Hogan's belief that Crary, whose malfeasance was purportedly "passive," should be able to seek indemnification from the purportedly more "active" misconduct of Jones and Monroe.[2] This Court simply should not decide the issue of whether a right of indemnity is permissible in an ERISA action on this unprecedented basis. This "active/passive" distinction for fiduciaries finds no support in the text of ERISA, nor has any court previously recognized this distinction.

**D.   Conclusion**

Based on the foregoing, Jones and Monroe respectfully request that the Court not follow the Report and Recommendation and, instead, grant Jones's and Monroe's Motion to Dismiss Crary's Third-Party Claims in their entirety.

---

[2] At the beginning of the decision, Magistrate Judge Hogan stated his impression, presumably based on a review of the pleadings in this matter, that "Crary is charged with passive conduct by the Plaintiffs" and Jones and Monroe are "charged by Crary with active malfeasance." (Report, pp. 1-2). As reflected in the respective motions for summary judgment filed by Jones, Monroe and Plaintiffs against Crary, this characterization is not borne out by the facts of the case adduced in discovery. Neither Jones nor Monroe engaged in any malfeasance, let alone "active malfeasance." In contrast, Crary's multiple breaches of fiduciary duty cannot be deemed "passive" except in the narrow sense that he indeed failed to take *any* action to prevent the demise of Lassen's benefit plans, despite his having the unique ability to prevent this disaster.

6

        Respectfully submitted,

        s/ Stephen A. Simon
        _____
        David M. Cook (0023469)
        Stephen A. Simon (0068268)
        DAVID M. COOK, LLC
        22 West Ninth Street
        Cincinnati, Ohio 45202
        Phone: (513) 721-7500
        Fax:    (513) 721-1178
        Trial Attorneys for Polly Jones and
        Shirley Monroe

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served this 24th day of November, 2003, via U.S. regular mail, postage prepaid, upon the following:

Leonard Kristal
107 Diablo Drive
Kentfield, California 94904

Stephen R. Felson
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Trial Attorney For Defendant Crary

Paul D. Marotta
Christopher D. Denny
Jennifer Chen
The Corporate Law Group
500 Airport Blvd., Suite 120
Burlingame, CA 94010
Of Counsel for Defendant Crary

        s/ Stephen A. Simon
        _____
        ATTORNEY FOR POLLY JONES AND
        SHIRLEY MONROE