UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>    Defendants.<br><hr>JOHN L. CRARY,<br><br>    Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>    Cross-Defendant.<br><hr>JOHN L. CRARY,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>    Third-Party Defendants | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT |

1

Defendant John Crary respectfully submits his Memorandum in Opposition to Third-Party Defendant Polly Jones' Motion for Summary Judgment.

## I.

## INTRODUCTION

Defendant John L. Crary ("Crary") filed a Third-Party Complaint for indemnification against Third-party Defendant Polly Jones ("Jones"), the health plan administrator for The Lassen Companies, Inc. ("Lassen"). Thereafter, Jones filed her motion to dismiss Crary's Third-Party Complaint for failure to state a claim, alleging that claims for indemnification are not cognizable under the Employee Retirement Income Security Act ("ERISA"). On November 12, 2003, Judge Hogan denied Jones' motion to dismiss and in his Report and Recommendation (the "Report") concluded that 1) indemnification is a form of equitable relief not precluded by ERISA, and 2) Congress did not have the intent to exclude such relief from ERISA. [Report at pages 3-4].

October 15, 2003 was the last day to file dispositive motions in this matter in accordance with this Court's amended scheduling order. On November 10, 2003, almost a full month after the deadline for filing dispositive motions, Jones filed her very late motion for summary judgment.[1] Jones' intentional refusal to file pleadings in accordance with this Court's amended scheduling order, after her motion to continue such deadline was denied, places Crary in the awkward position of responding to a motion that never should have been brought (in addition to two other summary judgment motions) all within the context of the Thanksgiving Holiday. Nonetheless, Crary files his opposition to Jones' motion for summary judgment within 20 days following Jones' tardy and improper filings, in an attempt to stay within the scheduling this Court ordered.

Jones' motion should be denied because 1) it was filed almost a full month after the deadline for filing dispositive motions, her motion to continue the cut-off deadline having been denied; 2) Crary's claim for indemnification is permitted under ERISA per the Report, and 3) there

---

[1] On September 26, 2003, Jones filed a motion to continue the dispositive motion deadline (doc. 60). On November 12, 2003, Judge Hogan denied Jones' motion (doc. 89, Order Denying Motion).

are genuine issues of material facts concerning whether she breached her fiduciary duties as the health plan administrator.

## II.

## STATEMENT OF FACTS

On or about July 3, 2002, Plaintiffs filed their First Amended Complaint with this Court against Defendant John L. Crary ("Crary") alleging breach of fiduciary duty and prohibited transactions under ERISA. On or about April 16, 2003, Crary filed his Third-Party Complaint for indemnity against the Third-Party Defendants Polly Jones ("Jones"), the actual named Plan Administrator; Shirley Monroe ("Monroe"), Lassen's human resources director, who apparently knew all about Lassen's problems; and James Thelan ("Thelan"), Lassen's Controller, who also knew about Lassen's problems.

The actual Plan Administrator for each of Lassen's several health plans was Third-Party Defendant Polly Jones. In targeting Crary, Plaintiffs apparently decided not to sue the actual Plan Administrator of the health plans at issue, and Plaintiffs' counsel now represents the actual Plan Administrator responsible for these plans and has filed this motion on her behalf. This is highly unusual at best. Despite Jones' claim that she was merely an "administrative assistant" at her husband Randy Pickering's company, Pickering Insurance Services, Jones, as the Plan Administrator, had complete authority to control and manage the plan. She had full discretion to determine eligibility, to interpret the plan and to determine whether a claim should be paid or denied, according to the provisions of the plan. [See Exhibits A and B to the Declaration of Jennifer Chen filed concurrently herewith].

As the evidence presented by Crary in this opposition motion illustrates, Jones was the named and functional fiduciary to Lassen health benefit plan. She had and exercised control and discretionary authority to manage the plan and the plan assets. She breached her fiduciary duties by 1) failing to inform the Lassen board, the insured, or the insurer of Kristal's failure to remit health insurance premiums, 2) failing to insure that Kristal kept his repeated promises to so remit

deducted premiums, and 3) failing to resign when the foregoing actions had not produced the desired result or solve the problem of non-payment of premiums by Lassen.

### III.

### ARGUMENT

**A.   JONES' OPPOSITION BRIEF WAS FILED LATE AND SHOULD BE DISREGARDED BY THE COURT.**

The Court entered the Amending Scheduling Order for this matter on May 29, 2003. The Order states at paragraph 3 that all dispositive pretrial motions are to be filed by October 15, 2003. The Order then goes on to state at paragraph 3 that opposing counsel shall serve his response to the dispositive motion twenty (20) days thereafter.

Jones intentionally refused to file pleadings in accordance with this Court's amended scheduling order and filed her summary judgment motion almost a full month after the deadline for filing of dispositive motions. Although to his prejudice, Crary has filed his opposition to Jones' summary judgment motion within 20 days in accordance with the Court's amended scheduling order.

Because her motion for summary judgment was filed late and because the Court denied Jones' motion to continue the dispositive motion cut-off date, Crary requests that this Court deny Jones' motion for summary judgment.

**B.   THE COURT SHOULD DENY JONES' SUMMARY JUDGMENT MOTION BECAUSE THE COURT HAS RULED THAT CRARY MAY SEEK INDEMNITY FROM JONES.**

Jones makes the same argument here as she did in her recent motion to dismiss claiming that Crary may not seek indemnity from her as a matter of law. She is essentially trying to take two bites at the apple. However, Judge Hogan's Report denied Jones' motion to dismiss. Judge Hogan concluded in the Report that 1) indemnification is a form of equitable relief not precluded by ERISA, and 2) Congress did not have the intent to exclude such relief from ERISA when enacting the legislation. [Report at pages 3-4].

Accordingly, Crary may seek indemnification from Jones in this lawsuit.

**C.  JONES WAS THE LASSEN PLAN ADMINISTRATOR AND, THEREFORE, A NAMED FIDUCIARY UNDER ERISA.**

ERISA § 402(a)(1) requires that the written instrument governing every plan subject to the fiduciary responsibility provisions "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).  The term "named fiduciary" means a fiduciary who is named in the plan instrument.  ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2).

Jones was the only named fiduciary to Lassen health plan.  On each of Lassen's health plan booklets, Jones was the Plan Administrator, the only named fiduciary in the plan, and had "complete authority to control and manage the plan, and had full discretion to determine eligibility, to interpret the plan, and to determine whether a claim should be paid or denied, according to the provisions of the plan."  [See Exhibits A and B to Declaration of Jennifer Chen].  Moreover, Plaintiffs, through the same counsel, admitted that she was the plan administrator in connection with Crary's proposed findings of fact and conclusions of law submitted with his summary judgment motion.

Deposition Exhibit Nos. 27 and 29 to the Jones deposition were dated as of January 1998, not within the relevant time period of this action.  It is misleading for Jones to submit such material while she knows full well that the effective health benefit plan booklet that Plaintiffs filed suit over was dated as of February 1, 1999 and which in fact superseded the 1998 plan submitted by Jones. However, the 1998 booklets also clearly identify Jones as the Plan Administrator on page 5 of both Exhibit Nos. 27 and 29 to Jones's deposition.  Furthermore, page 57 of Exhibit No. 27 and page 62 of Exhibit No. 29 demonstrate Jones's power, to wit: "the Plan Administrator has complete authority to control and manage the Employer's Plan except to the extent that the authority has been delegated to another party.  The Plan Administrator shall have the full discretion to determine eligibility under the Plan."

Contrary to Jones' claim that she was mere a "customer service representative," or "administrative assistant" of Pickering Insurance Services, all documents clearly identify her as the Plan Administrator.  Moreover, Jones has married to her de facto employer, Randy Pickering, for

5

20 years, and Jones' title at Pickering Insurance Services was Operations Manager. [See Exhibits C, D and E to Declaration of Jennifer Chen]. As Exhibit E to Declaration of Jennifer Chen demonstrates, Jones instructed Lassen on how much it should pay for the health premiums and where to send the payment.

**D.     JONES FUNCTIONED AS AN ERISA FIDUCIARY TO THE HEALTH PLAN.**

Section 3(21)(A) of ERISA provides that except in the case of an investment company described in § 3(21)(B), a person is a plan fiduciary *to the extent* he (i) exercises any discretionary authority or discretionary control over *plan management* or any authority or control over *management or disposition of plan assets*, (ii) renders investment advice *regarding plan assets* for a fee or other compensation, or has authority or responsibility to do so, or (iii) has any discretionary authority or responsibility *in plan administration.* (Emphasis added.) Also, "a *plan administrator* or a trustee must, by the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan within the meaning of section 3(21)(A)(iii) of the Act. *Persons who hold such positions will therefore be fiduciaries* (emphasis added)." 29 CFR 2509.75-8 (answer to question D-3).

A person can be held as a fiduciary by the fact that he actually functions as a fiduciary to the health plan. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993). To determine whether a person is a functional fiduciary, the Court would determine whether he has or exercises any of the functions described in § 3(21)(A). *See Brock v. Hendershott,* 840 F.2d 339, 342 (6th Cir. 1988).

Besides being a named fiduciary, Jones also functioned as a fiduciary to the plan because she had control and exercised discretionary authority over Lassen's health plan and disposition of plan assets. The following are examples of such control:

1)    Jones and her husband recommended Great-West Life and Annuity Insurance Company ("Great-West") to Kristal, the CEO of Lassen, and convinced him to use Great-West. [See Exhibit F to Declaration of Jennifer Chen]. Keep in mind, selling the Great-West health plan to Lassen was very profitable to Jones and her husband. From February 1999 to August 1999, they received more than $20,000 in commissions for employees that enrolled in the health plan in

6

MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT

addition to sales commission. [See Exhibit G to Declaration of Jennifer Chen].

2) In March 2000, Jones drafted Lassen's proposed amendment to the health plan on behalf of Lassen and directed Kristal to forward her proposal to Great-West. [See Exhibit H to Declaration of Jennifer Chen].

3) Jones gave direction to Great-West to apply Lassen's deposit to its health premium payment. [See Exhibit I to Declaration of Jennifer Chen].

4) Jones also had access to Lassen's claim account's check transfer detail and banking activities. [See Exhibit J to Declaration of Jennifer Chen].

5) Jones and Great-West jointly made the decision to put an administrative hold on Lassen's health insurance in 2000. [See Exhibit K to Declaration of Jennifer Chen].

Without a doubt, the above facts and evidence contradict Jones's assertions and establishes that she was a functional ERISA fiduciary to the health plan.

E. **JONES BREACHED HER FIDUCIARY DUTIES AND CO-FIDUCIARY DUTIES.**

As the named fiduciary and functional fiduciary to the plan, Jones breached her duty by failing to discharge her duty with the care, skill and diligence that would be exercised by a reasonably prudent person who is familiar with such matters in violation of ERISA § 404(a)(1)(B). Jones admitted in her motion that it had been an on-going problem with respect to Lassen's health care premium payment. However, during all the relevant time period, Jones did not once inform the Lassen board, including Crary, that Kristal was not paying the premium. [See Exhibit L to Declaration of Jennifer Chen]. Nor did she resign or threaten to resign as the plan administrator when she could not solve the problem.

A reasonable person under the circumstances would certainly have made the Lassen board aware of the problem. If Jones truly believed that Crary had the supposed power and authority to control and administrate the plan, she should have informed Crary about the problem and Kristal's breach. As the plan administrator, Jones also failed to file forms 5500 and 990 for the years 1999 through 2001 or even advise Lassen to file such forms. A competent plan administrator would at least reminded Kristal of such filings.

7

Jones also violated ERISA § 404(a)(1)(D) by failing to follow the provisions of the plan pursuant to which she should use her authority to control and manage the plan for the exclusive benefit of plan participants and their beneficiaries. In order to protect plan participants and beneficiaries, Jones should have discussed the problem with Kristal reminding him of his obligations and possible ERISA fiduciary breaches, and should have informed the Lassen board of Kristal's ERISA breach, or should have resigned if she could not solve the problem. However, she did none of the foregoing. Abandoning her obligations, Jones did not do one thing to protect the benefits for the plan participants and beneficiaries. Jones did nothing even after she and Great-West jointly decided to put an administrative hold on Lassen's health insurance. However, Jones continued to serve as health plan administrator, even while the plan was placed on administrative hold; even while she knew claims were not being paid; and even while she knew deducted health insurance premiums were not being remitted to Great West. [See Exhibits M, N and O to Declaration of Jennifer Chen].

Jones further breached her co-fiduciary duties. A plan fiduciary may be liable for the acts or omissions of a co-fiduciary if the fiduciary (1) *knowingly* participates in or attempts to conceal a co-fiduciary breach, (2) enables a co-fiduciary to commit a breach, or (3) *knows* of a co-fiduciary breach and fails to take reasonable remedial action. See, ERISA § 405(a), 29 U.S.C. § 1105(a). By her failure to act, Jones enabled Kristal to breach his duties. The health care premium payment had been an on-going problem, she knew it, but she did not do anything about it even after she and Great-West decided to put an administrative hold on Lassen's health insurance. Jones was fully aware that employees' medical bills would not be paid if there was an administrative hold on Lassen's health insurance. Contrary to Jones's claim, she did not do everything she could to protect the plan and its participants.

F. **JONES IS FAR MORE CULPABLE THAN CRARY.**

Crary is entitled to indemnity from Jones because Jones is more at fault than Crary. Her breaches discussed above directly caused Plaintiffs' damages. Plaintiffs alleged that Crary did not supervise or remove Kristal but have failed to establish Crary's actual or constructive knowledge

8

MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT

of Kristal's breaches. However, Jones had full knowledge of Kristal's breaches but did nothing as the Plan Administrator to remedy such breaches. Every employee's phone call to Jones should have reminded her of her fiduciary duties, and she should have taken action as the Plan Administrator. However, she did nothing. Jones jointly made the decision with Great-West to put an administrative hold on Lassen's health insurance. She did that without giving any advance notice to Lassen or Lassen employees. She and Kristal caused the Lassen employees' medical bills to go unpaid.

## IV.

## CONCLUSION

Jones' motion should be denied because 1) her motion was filed almost a full month after the deadline for filing dispositive motions, and her motion to continue such deadline was denied; 2) Crary's claim for indemnification is permitted under ERISA per the Report, and 3) there is genuine issue of material fact that Jones was an ERISA fiduciary and breached her fiduciary duties.

Dated: November 26, 2003            Respectfully Submitted,

/s/ *Stephen R. Felson*

Stephen R. Felson (0038432)
617 Vine St. Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
Christopher D. Denny, California State Bar No. 175338
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:   (650) 227-8000
Facsimile:   (650) 227-8001

# CERTIFICATION OF SERVICE

I hereby certify that on November 26, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following.

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

I further certify that on November 26, 2003, I served by following by ordinary U.S. Mail:

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904


/s/ *Stephen R. Felson*

MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT