UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>    Defendants. | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DEFENDANT JOHN L. CRARY'S COUNTER-STATEMENT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT |
| JOHN L. CRARY,<br><br>    Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>    Cross-Defendant. | |
| JOHN L. CRARY,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>    Third-Party Defendants | |

---

1

DEFENDANT JOHN L. CRARY'S COUNTER STATEMENT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT

## I.    **FINDINGS OF FACT:**

1. Polly Jones ("Jones") was the named Plan Administrator for the Lassen Group Benefit Plan during the Relevant Time Period.
    a. Declaration of Jennifer Chen, Exhibit A.
    b. Declaration of Jennifer Chen, Exhibit B.
2. As the Plan Administrator, Jones had complete authority to control and manage the plan, and had full discretion to determine eligibility, to interpret the plan and to determine whether a claim should be paid or denied, according to the provisions of the plan.
    a. Declaration of Jennifer Chen, Exhibit A.
3. Jones' husband, Randy Pickering, owns Pickering Insurance Services.
    a. Declaration of Jennifer Chen, Exhibit C.
4. Jones and Randy Pickering have been married for 20 years.
    a. Declaration of Jennifer Chen, Exhibit D.
5. Jones was the Operations Manager at Pickering Insurance Services.
    a. Declaration of Jennifer Chen, Exhibit E.
6. Jones instructed Leonard D. Kristal ("Kristal"), the CEO of The Lassen Companies, Inc. ("Lassen") on how much to pay for the health plan premiums to Great-West Life and Annuity Insurance Company ("Great-West") and where to send the payment.
    a. Declaration of Jennifer Chen, Exhibit E.
7. Jones recommended Great-West to Kristal and convinced him to use Great-West as Lassen's health insurance carrier.
    a. Declaration of Jennifer Chen, Exhibit F.
8. From February 1999 to August 1999, Pickering Insurance Services received more than $20,000 in commissions for employees that enrolled in the health plan, in addition to sales commissions.
    a. Declaration of Jennifer Chen, Exhibit G.

DEFENDANT JOHN L. CRARY'S COUNTER STATEMENT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT

9. In March 2000, Jones drafted Lassen's proposed amendment to the health plan on behalf of Lassen and directed Kristal to forward her proposal to Great-West.

   a. Declaration of Jennifer Chen, Exhibit H.

10. Jones gave direction to Great-West to apply Lassen's deposit to its health premium payment.

    a. Declaration of Jennifer Chen, Exhibit I.

11. Jones had access to the Lassen health plan claim account's check transfer detail and banking activities.

    a. Declaration of Jennifer Chen, Exhibit J.

12. Jones and Great-West jointly made the determination to put an administrative hold on Lassen's health insurance in 2000.

    a. Declaration of Jennifer Chen, Exhibit K.

13. Jones did not inform Crary that Kristal had failed to pay health insurance premiums and payments during the relevant time period.

    a. Declaration of Jennifer Chen, Exhibit L.

14. Jones continued to serve as health plan administrator, even while the plan was placed on administrative hold.

    a. Declaration of Jennifer Chen, Exhibit M.

15. Jones continued to serve as health plan administrator, even while she knew claims were not being paid.

    a. Declaration of Jennifer Chen, Exhibit N.

16. Jones continued to serve as health plan administrator, even while she knew deducted health insurance premiums were not being remitted to Great-West.

    a. Declaration of Jennifer Chen, Exhibit O.

DEFENDANT JOHN L. CRARY'S COUNTER STATEMENT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT

II. **CONCLUSIONS OF LAW:**

A. **JONES WAS A NAMED FIDUCIARY UNDER ERISA.**

ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1); ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2).

B. **JONES FUNCTIONED AS AN ERISA FIDUCIARY TO THE HEALTH PLAN.**

ERISA § 3(21)(A); 29 CFR § 2509.75-8; <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 262 (1993); <u>Brock v. Hendershott,</u> 840 F.2d 339, 342 (6th Cir. 1988).

C. **JONES BREACHED HER FIDUCIARY DUTIES AND CO-FIDUCIARY DUTIES.**

ERISA § 404(a)(1)(B); ERISA § 404(a)(1)(D); ERISA § 405(a), 29 U.S.C. § 1105(a).

Dated: November 26, 2003

/s/ *Stephen R. Felson*
_____
Stephen R. Felson (0038432)
617 Vine St.  Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011
Email:  stevef8953@aol.com

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:     (650) 227-8000
Facsimile:     (650) 227-8001

**CERTIFICATION OF SERVICE**

I hereby certify that on November 26, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following.

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

1  I further certify that on November 26, 2003, I served by following by ordinary U.S. Mail:

2  Leonard Kristal (pro se)
3  107 Diablo Drive
   Kentfield, CA 94904

5  /s/ *Stephen R. Felson*

---

5
DEFENDANT JOHN L. CRARY'S COUNTER STATEMENT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT POLLY JONES' MOTION FOR SUMMARY JUDGMENT