UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS ALLEN, et al.** | : | Case No. C-1-01-159 |
| **Plaintiffs** | : | |
| | : | Judge Herman S. Weber |
| v. | : | |
| | : | Magistrate Judge Timothy S. Hogan |
| **JOHN CRARY, et al.** | : | |
| | : | **THIRD-PARTY DEFENDANTS' POLLY JONES'S AND SHIRLEY MONROE'S REPLY TO DEFENDANT JOHN L. CRARY'S OPPOSITION TO THEIR MOTION TO CLARIFY AS MOOT THEIR EXPEDITED MOTION TO CONTINUE THE DISPOSITIVE MOTIONS DEADLINE ON THIRD PARTY CLAIMS ONLY** |
| **Defendant/ Third-Party Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **POLLY JONES, et al.** | : | |
| | : | |
| **Third-Party Defendants** | : | |
| | : | |

\* \* \* \* \*

Third-Party Defendants, Polly Jones ("Jones") and Shirley Monroe ("Monroe"), submit this Reply to Defendant John L. Crary's Opposition to their Motion to Clarify as Moot Their Expedited Motion to Continue the Dispositive Motions Deadline on Third Party Claims Only. (R. 93.)

In his response, Crary does not squarely address the issue raised in this motion. In the subject Order (R. 89), for which Jones and Monroe seek clarification, the Court denied "as moot" Jones's and Monroe's Expedited Motion to Continue the Dispositive Motions Deadline on Third Party Claims Only ("Expedited Motion to Continue") on the basis that Jones and Monroe had already filed their <u>motion to dismiss</u>. However, through their Expedited Motion to Continue, Jones and Monroe had sought an extension of the <u>motion for summary judgment</u> deadline, which had not yet expired.

Crary's discussion in his response about the "similarity of motions to dismiss and summary judgment motions" is irrelevant. (See Crary's Response, pp. 3-4). Jones and Monroe had not sought an extension of the dispositive motions deadline to file a motion to dismiss because, at the time they filed the Expedited Motion to Continue on September 26, they had already filed such a motion more than four months earlier. This is the source of confusion regarding the Order and, thus, the basis for the instant motion.

Instead of addressing this confusion about the Order, Crary asserts that Jones and Monroe should have filed their motions for summary judgment on October 15, even though the Court had not yet ruled on their pending motion to dismiss or Expedited Motion to Continue.[1] Jones and Monroe disagree. As explained in their memorandum in support of this motion, it made perfect sense to wait on filing these motions for summary judgment, both in the interest of judicial economy and preservation of client resources, as filing motions for summary judgment would be completely unnecessary if Jones's and Monroe's motion to dismiss were granted. Of course, if Crary was concerned that Jones and Monroe might file their motions for summary judgment after he filed his motion on October 15, Crary could have consented to the undersigned's request for an informal discovery conference to resolve this issue before the deadline. He did not.

---

[1] Crary also devotes a substantial portion of his Response to discuss <u>Plaintiffs'</u> filings in this case, which is inappropriate given that the instant motion was filed by Jones and Monroe. Moreover, his assertion that Plaintiffs' response to his motion for summary judgment was untimely is wrong. The Court's docket reflected Plaintiffs' response due date as Saturday, <u>November 8</u>, and the Plaintiffs filed the response thereafter on Monday, <u>November 10</u>, in accordance with Fed. R. Civ. Pro. 6(a).

In any event, Jones and Monroe filed their respective motions for summary judgment on November 10, two days before Magistrate Judge Hogan issued his Recommendation and Report denying their motion to dismiss. Crary also has already filed a response to each of these motions for summary judgment. (R. 102, 103). They should be decided on their merits. Accordingly, Crary and Jones respectfully request that the Court clarify the subject Order and deem their motions for summary judgment timely filed.

        Respectfully submitted,

        s/ Stephen A. Simon

        _____
        David M. Cook (0023469)
        Stephen A. Simon (0068268)
        DAVID M. COOK, LLC
        22 West Ninth Street
        Cincinnati, Ohio 45202
        Phone: (513) 721-7500
        Fax:    (513) 721-1178

        Trial Attorneys for Polly Jones and
        Shirley Monroe

## CERTIFICATE OF SERVICE

      I hereby certify that on December 1, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen R. Felson, 617 Vine Street, Suite 1401, Cincinnati, Ohio 45202, Trial Attorney For Defendant Crary, and Paul D. Marotta, The Corporate Law Group, 500 Airport Blvd., Suite 120, Burlingame, CA 94010, Of Counsel for Defendant Crary, and I hereby certify that on this same date I have mailed this document by United States Postal Service, postage prepaid, to the following non CM/ECF participants:

Leonard Kristal
107 Diablo Drive
Kentfield, California 94904

Christopher D. Denny
Jennifer Chen
The Corporate Law Group
500 Airport Blvd., Suite 120
Burlingame, CA 94010
(Of Counsel for Defendant Crary)_____

                                              s/ Stephen A. Simon
                                            _____
                                            ATTORNEY FOR POLLY JONES AND
                                            SHIRLEY MONROE