FILED
JAMES BONINI
CLERK

03 DEC -1 PM 3:15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>            Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>            Defendants. | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DECLARATION OF JOHN L. CRARY IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT BY PLAINTIFFS AND THIRD PARTY DEFENDANTS POLLY JONES AND SHIRLEY MONROE |
| JOHN L. CRARY,<br><br>            Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>            Cross-Defendant. | |
| JOHN L. CRARY,<br><br>            Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>            Third-Party Defendants | |

- 1 -

I, John L. Crary, declare as follows:

1. I am a defendant and cross complainant in the above captioned matter. I submit this declaration in opposition to the three motions for summary judgment pending against me by the plaintiffs and by the two third party defendants Polly Jones and Shirley Monroe. The matters stated herein are known to me personally, and if called and sworn as a witness I could competently testify thereto. As to those matters stated herein on information and belief, I have been informed and believe the same to be true and upon that basis declare them to be true.

2. This declaration is supplemental to the declaration I submitted in support of my motion for summary judgment. All of the contents of such prior declaration are incorporated herein by this reference. This declaration in opposition is submitted in order to respond to certain claims made in the motions for summary judgment against me.

3. Although I had a consulting agreement with Lassen, Lassen did not honor the terms and conditions of the consulting agreement nor pay me anything, until immediately following the loan of one million dollars to Lassen by Juniper Capital, a California LLC of which I am manager and principal member.

4. After Juniper loaned that money, Lassen paid me $130,000, representing one year's consulting fees with the company.

5. Of course, no part of my loan, principal or interest, was ever paid back.

6. On or about June 6, 2003 I caused Juniper to initiate a fraud action against Leonard Kristal in California Superior Court to try to recover the one million dollars Juniper loaned Lassen and that I believe Juniper was defrauded of.

7. I caused Juniper to bring this fraud suit primarily because I was not informed of the failure to pay withholding taxes and the failure to pay deducted health insurance premiums prior to Juniper making that loan.

8. The only "financial statements" I ever received from Lassen were financial projections. I never, ever, received any historical financial statements from Lassen or any of its

DECLARATION OF JOHN L. CRARY IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT BY PLAINTIFFS AND THIRD PARTY DEFENDANTS POLLY JONES AND SHIRLEY MONROE

subsidiaries.

9. The only "union negotiations" in which I ever took part, occurred as follows:

   a. I was in Ohio for one of the handful of visits to Wright-Bernet that I ever made.

   b. Shortly after the acquisition of Wright-Bernet, I came to Ohio at the suggestion of Leonard Kristal to see the plant recently acquired with my financial backing as a private investor.

   c. I know that I was not in Ohio at that time to participate in union negations, nor did I go to Ohio in order to participate in union negotiations.

   d. Leonard Kristal told me, on the morning that I attended negotiations, that he was upset with the union, that he would not be participating in negotiations that day, and asked me if I would go "sit in" the negotiations that were planned for that day.

   e. Lassen had employed a labor attorney who did all of the negotiating for Lassen.

   f. Although I attended that one day of negotiations, Lassen's labor lawyer conducted the negotiations, I did not negotiate anything at all, I do not even remember the subject matter of the negotiations, and the negotiations that I sat in one day of, were held over many days.

   g. Although plaintiffs have tried to paint a picture that I was instrumental in these negotiations or took some substantive part, that is completely untrue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 25, 2003 at Burlingame, California.

_____
John L. Crary

- 3 -

DECLARATION OF JOHN L. CRARY IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT BY PLAINTIFFS AND THIRD PARTY DEFENDANTS POLLY JONES AND SHIRLEY MONROE