UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, MARY JANE CRACRAFT, LELAN LITTRELL and GLASS, MOLDERS, POTTERY, PLASTIC AND ALLIED INDUSTRIAL WORKERS, LOCAL NO. 41, AFL-CIO,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEONARD D. KRISTAL, and JOHN L. CRARY,<br><br>    Defendants. | Case No: C-1-01-159<br><br>Judge Herman J. Weber<br>Magistrate Judge Timothy S. Hogan<br><br>DEFENDANT JOHN L. CRARY'S OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION TO REVIEW REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS. |
| JOHN L. CRARY,<br><br>    Cross-Claimant,<br><br>vs.<br><br>LEONARD D. KRISTAL,<br><br>    Cross-Defendant. | |
| JOHN L. CRARY,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>POLLY JONES, SHIRLEY MONROE, JAMES THELAN,<br><br>    Third-Party Defendants | |

Defendant John L. Crary, by and through his counsel, hereby respectfully submits his Opposition to Third-Party Defendants' Motion to Review Judge Hogan's Report and Recommendation to Deny Motion to Motion to Dismiss. This Opposition is based upon this

- 1 -

Memorandum of Points and Authorities and all other pleadings and papers on file or to be filed in support of this Opposition and upon such other and further argument as may be presented at any hearing of this matter.

## MEMORANDUM IN OPPOSITION

### I.

### INTRODUCTION

Third Party Defendants have moved to have Judge Hogan's Report and Recommendation denying their motion to dismiss reviewed. For the reasons stated herein, Defendant and Third-Party Plaintiff Crary submits that the Report and Recommendation is correct and should stand.

### II.

### ARGUMENT

**A.     The Report and Recommendation is Entirely Consistent with *Great-West Life*.**

Third Party Defendants argue that equitable indemnity is precluded by *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002). In *Great-West Life*, Ms. Knudson was injured in an automobile accident and negotiated a settlement that paid significant amounts to a trust for her benefit and to her attorney, but allocated only $13,000 to Great West's reimbursement claims for medical bills it had paid in excess of $400,000. Great West brought suit under Section 502(a)(3) of ERISA and the District Court granted the Knudson's summary judgment finding that the terms of the Plan limited Great West's right of reimbursement. The Ninth Circuit affirmed holding that an action for reimbursement was not "equitable relief."

The United States Supreme Court affirmed finding that seeking reimbursement did not involve "equitable relief," that Great West improperly sought to impose personal contractual liability on the Knudson's, and that this was not allowed under 502(a)(3). In drawing the distinction between equitable and legal remedies, Justice Scalia wrote, "In contrast, a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." 534 U.S. at 213.

The equitable indemnity asserted by Crary clearly does not seek a "legal" remedy, and is entirely consistent with the Supreme Court's holding *Great-West Life*. And Crary's seeking equitable indemnity in no way imposes a "new remedy" under ERISA despite Third-Party Defendant's assertions otherwise. It is simply a matter of fairness, in a situation where a possibly marginal defendant faces joint and several liability, to allow the blame to fall where it is most rightly due.

**B.     *Williams* Is Wrong and This Case Is Different.**

In *Williams v. Provident Investment Counsel*, 279 F.Supp.2d 894 (N.D. Ohio 2003), the Court acknowledged that "It is undisputed that Congress wanted federal courts to 'develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Id.* at 900. *Williams* then went on to find that there should be no right to contribution. Crary asserts that, despite the *Williams* holding, the "detailed enforcement scheme" envisioned by Congress for ERISA does not speak to equitable indemnity, but rather speaks to possible remedies available to plaintiffs. An indemnity action does not, in any way, change, limit or expand the possible available remedies; it merely provides for equity between possible joint and several defendants. And equity demands that Crary, a director kept in the dark and lied to, have equitable recourse against those persons on the front line of Lassen's problems; persons who were, intentionally or otherwise, part of the conspiracy that kept him in the dark.

Unlike *Williams*, here Crary never "accepted" an "engagement" (contrast *Williams* at 903), nor were any "risks" "perceptible" (contrast *Williams* at 903). Unlike this case, the court in *Williams* found that, "[Provident] clearly was aware of those risks itself. At that point, it had a choice: decline the engagement or assume the risk, including the risk of the instant lawsuit, created by its inability to fulfill its duties under the Plan." *Williams* at 903. Clearly unlike *Williams*, Crary never had any choice to do anything, because no one, importantly including Third-Party Defendants, bothered to call him and tell him what was going on.

Because the facts here are significantly different from those in *Williams*, Judge Hogan was correct in his Report and Recommendation in finding that equitable indemnity is appropriate for Crary as against the Third-Party Defendants.

**C.**     **The Report and Recommendation Is Correct and Should Stand Without Modification.**

The Third-Party Defendants apparently want this Court to ignore the facts of this case as pled in the Third-Party Actions in applying ERISA. Crary submits that the Report and Recommendation, attacked by Third-Party Defendants, is correct because dismissal would result in a substantial inequity. There is no reason why the Court cannot acknowledge the distinction between Crary's lack of knowledge in this case and Third-Party Defendants' uniquely culpable positions, including named plan administrator, and work substantial justice. Crary submits that it is not only proper to observe the active roles played by Third-Party Defendants and the completely passive role, if any, played by Crary, but it is also right.

## III.

## CONCLUSION

For all these reasons, Crary respectfully submits that Judge Hogan's Report and Recommendation Denying Third Party Defendant's Motion to Dismiss is well reasoned, right and should stand unchanged.

December 8, 2003

/s/ *Stephen R. Felson*

Stephen R. Felson (0038432)
617 Vine St.
Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011

and

Paul David Marotta, California State Bar No. 111812
Jennifer Chen, California State Bar No. 205264
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:   (650) 227-8000
Facsimile:    (650) 227-8001

**CERTIFICATION OF SERVICE**

I hereby certify that on December 8, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following.

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

I further certify that on December 8, 2003, I served the following by ordinary U.S. Mail:

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

And by email at ldkristal@yahoo.com

/s/ *Stephen R. Felson*

DEFENDANT JOHN L. CRARY'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO REVIEW REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS