UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS ALLEN, et al.** | : | Case No. C-1-01-159 |
| **Plaintiffs** | : | |
| | | Judge Herman S. Weber |
| v. | : | |
| | | Magistrate Judge Timothy S. Hogan |
| **JOHN CRARY, et al.** | : | |
| **Defendant/** | : | |
| **Third-Party Plaintiff** | | **THIRD-PARTY DEFENDANT POLLY** |
| | : | **JONES'S REPLY TO DEFENDANT** |
| v. | | **JOHN L. CRARY'S MEMORANDUM IN** |
| | : | **OPPOSITION TO HER MOTION FOR** |
| **POLLY JONES, et al.** | : | **SUMMARY JUDGMENT ON CRARY'S** |
| | | **THIRD-PARTY CLAIM, AND REQUEST** |
| **Third-Party Defendants** | : | **FOR ORAL ARGUMENT** |
| | : | |

\* \* \* \* \*

Third-Party Defendant, Polly Jones ("Jones"), submits this Reply to Defendant John L. Crary's ("Crary") memorandum in opposition to Jones's motion for summary judgment on Crary's third-party claim for indemnity. In Jones's motion, she asserted that Crary "cannot recover against Jones because she did not breach any fiduciary duty that resulted in the losses sought by Plaintiffs in this action." (Jones's Memorandum in Support of Motion for Summary Judgment, p. 1). Crary utterly fails in his response to meaningfully address this point. He has identified *no* alleged breaches of fiduciary duty by Jones that *resulted* in Plaintiffs' losses. (*See id.*) Worse yet, in the brief portion of his memorandum that he devotes to Jones's purported breaches of fiduciary duty, Crary cites to *no case authority*. (Crary's Memorandum, pp. 7-8). In other words, it is now clear that Crary's claim

against Jones has no legal or factual basis. Nonetheless, Jones will respond below to each of Crary's allegations of breach of fiduciary duty.[1]

A. **Crary Erroneously Asserts that Jones, as Plan Administrator, Had Multiple Affirmative Obligations under ERISA That No Court Has Ever Recognized.**

To support his claim for indemnity against Jones, Crary alleges that Jones failed to take certain actions when she learned of the ongoing problems with The Lassen Companies, Inc.'s ("Lassen") employee health benefit plans ("Health Plans"). He specifically alleges that Jones, as plan administrator, had an affirmative duty under ERISA to do one of the following:

(1) "discuss[] the problem" with Defendant Leonard Kristal ("Kristal"), Lassen's then CEO, "reminding him of his obligations and possible ERISA fiduciary breaches";

(2) inform the Lassen board of directors about Kristal's breach of fiduciary duty; or

(3) resign, or threaten to resign, if she could not "solve the problem."

(Crary's Memorandum, pp. 3-4, 7-8). Crary does not cite to a *single case* to support the proposition that *any* of these acts are required under ERISA to avoid liability for breach of fiduciary duty. He does not cite to one case where a court held – or even suggested – that

---

[1] Crary spends most of his response citing evidence that purportedly establishes Jones's status as a plan fiduciary. Jones will not respond to this evidence because it is not relevant to a resolution of this motion, given Crary's failure to establish breach. Some of Crary's comments, however, are worth addressing here briefly only because of their odd nature. First, Crary asserts that "Plaintiffs, through the same counsel, admitted that [Jones] was the plan administrator" in Plaintiffs' response to Crary's findings of fact. (Crary's Memorandum, p. 5). This is a bizarre comment because Jones does not dispute this fact. She expressly admitted this fact in <u>her</u> <u>own</u> motion for summary judgment. (Crary presumably included this line in his memorandum to try to impugn Jones's counsel's integrity.) Second, Crary erroneously alleges that Jones misled the Court in her motion with respect to certain documents reflecting Jones's status as plan administrator. This accusation is unfounded because Jones expressly admitted in her motion that she was the named plan administrator for the Health Plans and cited therein to deposition exhibits that reflected same. (Jones's Memorandum, p 2).

a plan administrator may be held liable for breach of fiduciary duty under ERISA if she "fails" to do any of these things. In short, Crary is asking this Court to make "new law" without any precedent whatsoever. The Court should decline this invitation, and instead grant summary judgment to Jones.

**B.     Crary Has Failed to Show How Jones's Alleged Breaches of Fiduciary Duty Caused Plaintiffs' Losses.**

In addition to the glaring lack of authority to support Crary's claim against Jones, the claim is subject to summary judgment for an additional reason. It is undisputed that to recover against Jones on a claim for indemnity, Crary must establish that it is Jones's alleged breaches of fiduciary duty that caused Plaintiffs' losses for which they seek recovery in this action. *See, e.g., Sunderlin v. First Reliance Standard Life Ins. Co.*, 235 F. Supp. 2d 222, 237 (W.D. N.Y. 2002); *Restatement 2nd of Trusts*, § 258. Crary, however, has not explained how Jones's alleged breaches of fiduciary duty *resulted* in Plaintiffs' losses, nor does he cite to *any* evidence that would support such a proposition. Crary has not even attempted to establish this causal connection.

First, with respect to Jones's communication with Kristal, it is undisputed that Jones absolutely did "discuss the problems" concerning the Health Plans with Kristal. (*See* Crary's Memorandum, p. 8). Jones *regularly* communicated with Kristal about the necessity and urgency of Lassen's immediately catching up on delinquent payments to the insurance carrier, Great West Life & Annuity Insurance Company ("Great West"). (Jones's Memorandum, p. 4). In fact, Crary attached one of Jones's letters to Kristal as an exhibit to his memorandum. (*See* Crary's Memorandum, Exh. E).

It is laughable to suggest that Plaintiffs' losses could have been avoided if Jones had simply "reminded" Kristal that he was "breaching his fiduciary duties" under ERISA. (*See* Crary's Memorandum, p. 8). She repeatedly "reminded" Kristal about his obligations to pay Great West, but he was recalcitrant. For her efforts, she was subjected to a profanity-laced tirade by Kristal. (Jones's Memorandum, pp. 4-5). There is no evidence from which one could reasonably infer that Jones could have said *anything* to Kristal that would have had *any* effect on his conduct with respect to the Health Plans. Thus, Jones's alleged failure to "remind" Kristal about his "fiduciary obligations" did not result in Plaintiffs' losses.

Second, concerning Jones's alleged failure to resign or threaten to resign, Crary offers no explanation as to how either of these acts would have helped the participants one iota. Again, there is no evidence to suggest that Jones's resigning or threatening to resign somehow would have diminished Plaintiffs' losses. In fact, given Jones's conscientiousness in responding to Lassen employees' questions about the status of the Health Plans, it is difficult to understand how Jones's resigning her position would have done anything other than *harm* Plaintiffs. (*See* Jones's Memorandum, p. 4).

Third, with respect to Jones's contacting the Board of Directors, the evidence reflects that many Lassen employees *did* contact members of the Board of Directors, including Crary, and that doing so had zero effect. (Plaintiffs' Memorandum in Support of Cross-Motion for Summary Judgment Against Crary, pp. 23-25; Shirley Jones's Memorandum in Support of Motion for Summary Judgment, p. 7). Also, while it may be true that Jones did not personally notify Crary about the problems with the Health Plans, Jones knew her husband Randy Pickering had done so "numerous times" – and nothing

4

happened as a result. (Jones's dep. at 16-17; Pickering's dep. at 56). Like the other alleged breaches Crary has attributed to Jones, the evidence simply does not support a finding that Jones's alleged failure to notify the Lassen Board and/or Crary *caused* Plaintiffs' losses, which they seek to recover in this action.[2] Because Crary has not presented any evidence creating a genuine issue of fact on this issue of whether Jones's alleged breaches of fiduciary duty resulted in Plaintiffs' losses, Jones is entitled to summary judgment as a matter of law.

**C.     Crary Has No Evidence or Legal Authority to Support his Claim that Jones Breached her Co-Fiduciary Duties.**

Crary has asserted that Jones allegedly breached her "co-fiduciary duties." ERISA § 405(a); 29 U.S.C. § 1105(a). This is a completely new allegation, as he failed to allege any such claim against Jones in his Third-Party Complaint. Of course, once again, Crary cites to *no cases* to support his position. (*See* Crary's Memorandum, p. 8). Also, he is especially ambiguous about this allegation. He does not identify what Jones did or did not do that purportedly gives rise to liability under Section 405(a) of ERISA. *See* 29 U.S.C. §1105(a). He asserts that "[b]y her failure to act, Jones enabled Kristal to breach his duties." (Crary's Memorandum, p. 8). Crary does not identify the alleged "failure." Moreover, there is no evidence to support the assertion that Jones "enabled Kristal." (*Id.*) Jones had absolutely no authority over Kristal. For example, unlike Crary, Jones could have not have removed Kristal as a fiduciary to the Health Plans. Accordingly, Crary has

---

[2] Crary alleges that Jones failed to ensure that the Form 5500 and Form 990 were filed for the Health Plans. (Crary's Memorandum, p. 7). This allegation is irrelevant to Crary's claim for indemnity because Plaintiffs have not asserted a claim against Crary for any such failure with respect to the Health Plans.

failed to identify any evidence or legal precedent to support his assertion that Jones breached co-fiduciary duties, and he may not proceed against Jones on this basis.

**D.    Crary Cannot Prove that Jones was Significantly More At Fault for Plaintiffs' Losses, Because Crary, Not Jones, Failed to Take Any Steps to Protect the Interests of the Health Plan Participants.**

Because Crary's claim for indemnity against Jones should be dismissed for the reasons described above, the Court does not need to address whether Crary can establish that Jones was "substantially more at fault" than Crary for Plaintiffs' losses.  *See Restatement (Second) of Trusts*, § 258, pp. 650-654 (1959); (Jones's Memorandum, p. 7). Assuming, *arguendo*, that the Court finds it necessary to reach this issue, Crary cannot meet his burden. His assertion that "Jones and Kristal caused the Lassen employees' medical bills to go unpaid" is absurd. The Health Plans were put on administrative hold because Lassen, at Kristal's direction and with Crary's knowledge and assent, did not pay the premiums.[3]

It is ironic that Crary asserts that Jones "did nothing." (Crary's Memorandum, p. 9). At his own deposition, Crary gave the following testimony:

> Q    And what steps, if any, did you take as chairman of Lassen Companies to make sure that Mr. Kristal was performing his duties as CEO with respect to the benefit plans?
>
> A    I took no steps.

(Crary's dep. at 81-82). Thus, it is Crary, not Jones, who "did nothing" to protect the interests of the Health Plan participants.

---

[3] Moreover, Crary does not even allege a breach of fiduciary duty against Jones on this point. Of course, it is undisputed that Jones told each and every employee who called her about an unpaid medical bill that the Health Plans were on administrative hold. (Jones's Memorandum, p. 4).

Crary's testimony here is critical, not only to a resolution of this motion but the other motions for summary judgment concerning Crary, currently pending before the Court. The Department of Labor has stated unequivocally that a member of a company's board of directors is a fiduciary under ERISA if the board is "responsible for the selection and retention of plan fiduciaries." *See* 29 C.F.R. § 2509.75-8, D-4. The Department has further stated that "[a]t reasonable intervals *the performance of . . . other fiduciaries should be reviewed by the appointing fiduciary* in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan." *Id.*, D-17 (emphasis added); (*see* Plaintiffs' Memorandum in Support of Cross-Motion for Summary Judgment against Crary, p. 16-17). Crary does not dispute the Department's position as he has cited favorably to the Department's interpretive bulletin. (*See* Crary's Memorandum, p. 6).

In sum, while the applicable law required Crary to take steps to monitor Kristal, Crary took "no steps." (Crary's dep. at 81-82). Because he so utterly failed in his obligations under ERISA to the Health Plan participants, resulting in their significant losses, Crary has no basis, as a matter of law, to proceed against Jones on a claim for indemnity.

**E.     Jones's Motion Should Be Decided on Its Merits.**

Crary also has asserted here that the Court should not consider Jones's motion for summary judgment because it was filed after October 15. The subject of the timeliness of Jones's motion for summary judgment has been thoroughly addressed in other motions filed with the Court, including the pending Motion to Clarify Order Denying "as moot" Jones's and Monroe's Expedited Motion to Continue the Dispositive Motions Deadline on

Third-Party Claims Only. Jones will not revisit this issue again here, other than to submit that Jones's motion should be decided on the merits.

In sum, Crary's pursuit against Jones has served as an example of why courts, as a matter of law, should not permit defendants in ERISA actions to assert third-party claims against other purported fiduciaries. As explained by Judge Carr of the Northern District of Ohio, plaintiffs in ERISA actions should be able to choose "among various targets" in naming defendants because this "enables greater efficiency and enhances the likelihood of more prompt recovery" against the defendants who, from the plaintiffs' perspective, "appear[] either most culpable or judgment-worthy, or both." *Williams v. Provident Investment Counsel, Inc.*, 279 F. Supp. 2d 894, 902 (N.D. Ohio 2003). As the parties who actually suffered the losses in connection with the demise of Lassen's benefit plans, Plaintiffs, not Crary, are in the best position to evaluate who breached their respective fiduciary duties and caused these losses. Jones did not cause Plaintiffs' losses; Crary and Kristal did through their breaches of fiduciary duty.

Thus, not only has Jones been forced to defend a claim against her that is wholly lacking in merit, Crary's claim against Jones (and Shirley Monroe) has done nothing more than divert the parties' and Court's attention and resources from addressing the claims brought by Plaintiffs against Kristal and Crary. Crary's claim against Jones should proceed no further. Jones respectfully requests that this Court grant summary judgment..

Pursuant to S.D. Ohio Civ. R. 7.1(b)(2), Jones has requested oral argument herein because of the status of multiple, pending motions for summary judgment in this case, in addition to motions addressing procedural issues only, which may be best addressed in a conference with the Court.

Respectfully submitted,

s/ Stephen A. Simon

_____
David M. Cook (0023469)
Stephen A. Simon (0068268)
DAVID M. COOK, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax:    (513) 721-1178

Trial Attorneys for Polly Jones

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served this 8th day of December, 2003, via U.S. regular mail, postage prepaid, upon the following:

Leonard Kristal
107 Diablo Drive
Kentfield, California 94904

Stephen R. Felson
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Trial Attorney For Defendant Crary

Paul D. Marotta
Christopher D. Denny
Jennifer Chen
The Corporate Law Group
500 Airport Blvd., Suite 120
Burlingame, CA 94010
Of Counsel for Defendant Crary

s/ Stephen A. Simon

_____
ATTORNEY FOR POLLY JONES