UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS ALLEN, et al.** | : | Case No. C-1-01-159 |
| **Plaintiffs** | : | |
| | | Judge Herman S. Weber |
| v. | : | |
| | | Magistrate Judge Timothy S. Hogan |
| **JOHN CRARY, et al.** | : | |
| Defendant/ | : | |
| Third-Party Plaintiff | | **THIRD-PARTY DEFENDANT SHIRLEY** |
| | : | **MONROE'S REPLY TO DEFENDANT** |
| v. | | **JOHN L. CRARY'S MEMORANDUM IN** |
| | : | **OPPOSITION TO HER MOTION FOR** |
| **POLLY JONES, et al.** | : | **SUMMARY JUDGMENT, AND** |
| | | **REQUEST FOR ORAL ARGUMENT** |
| Third-Party Defendants | : | |

\* \* \* \* \*

Third-Party Defendant, Shirley Monroe ("Monroe"), submits this Reply to Defendant John L. Crary's ("Crary") memorandum in opposition to Monroe's motion for summary judgment on Crary's third-party claim for indemnity. In his response, Crary fails to identify any evidence whatsoever to support his allegation that Monroe, the former human resources director and default payroll clerk at The Lassen Companies, Inc. ("Lassen"), was a fiduciary to Lassen's employee benefit plans ("Plans"). *See* ERISA Section 3(21)(A); 29 U.S.C. § 1002 (21)(A). As further explained below, because the undisputed evidence reflects that Monroe (1) exercised "ministerial duties" with respect to the Plans and (2) exercised no control over the management or assets of the Plans, she was not a plan fiduciary and, therefore, is entitled to summary judgment on Crary's claim for indemnity.

### A. Crary Cannot Dispute that Monroe Did No More Than Exercise Ministerial Duties With Respect to the Administration of the Health Plans.

Crary asserts that Monroe was a fiduciary because she allegedly exercised discretionary authority with respect to plan "administration." (Crary's memorandum, p. 5); ERISA Section 3(21)(A)(iii); 29 U.S.C. § 1002(21)(A)(iii). To support this assertion, Crary identifies only one particular duty of Monroe: as human resources director, she advised Lassen new hires about the Health Plans and their various options under the plans. (Crary's memorandum, p. 5). This is *precisely* one of the "ministerial duties" identified by the Department of Labor that does not trigger fiduciary status. 29 C.F.R. § 2509.75-8, D-2 (7) ("orientation of new participants and advising employees of their rights and options under the plans"); (Monroe's Memorandum, p. 13).

Crary cannot identify anything else that Monroe did with respect to the Plans to support a finding that she exercised *discretionary* authority or responsibility in the administration of the Plans. *See* ERISA Section 3(21)(a)(iii). He therefore asserts that Monroe was the "only person handling the internal administration" of the Health Plans. (Crary's Memorandum, p. 5). This is meaningless. Simply because one employee is resourceful enough to handle such duties alone does not make her a plan fiduciary.[1]

He also asserts that "[t]he Great-West [Life & Annuity Insurance Company] online health plan order form identifies Polly Jones ("Jones") and Shirley Monroe as the plan

---

[1] He also cites to deposition testimony by Monroe, at her first deposition on April 24, 2002, in which she casually listed as one of her job duties that she "administered the 401-K" and later when she answered affirmatively to a question asking if she was "responsible" for the Health Plans. (Monroe I dep. at 15, 87). This testimony hardly supports a conclusion that Monroe was the "plan administrator" or that she in any way exercised *discretionary* authority in the administration of the health plans. While Crary's counsel could have followed up with Monroe about this particular testimony at her second deposition (noticed by Crary) a year later, he did not.

administrators." (Crary's memorandum, p. 5; Exhibit B to Declaration of Jennifer Chen). Of course, a non-fiduciary employee is not transformed into a "plan administrator" under ERISA simply because an unidentified individual printed that employee's name on an "online health plan order form," nor does Crary argue otherwise.[2] Because there is no factual basis to find that Monroe exercised discretionary control or authority with respect to the administration of the Plans, Monroe cannot be deemed a plan fiduciary under this statutory definition. *See* ERISA §3(21)(A)(iii).

**B.   Crary Cannot Dispute that Monroe had No Discretionary Control over Plan Management or Management of Plan Assets.**

Crary also tries to attribute fiduciary status to Monroe by alleging that she exercised discretionary authority or control over the Plans' management or assets. *See* ERISA §3(21)(A)(i); 29 U.S.C. § 1002(21)(A)(i). In this vein, Crary alleges that Monroe "made all payroll deductions." (Crary's Memorandum, p. 6).[3] However, he does not dispute, nor could he, that Monroe had *no* access to or control over the Lassen bank accounts related to employee payroll deductions. Crary also does not dispute, nor could he, that Monroe advised Lassen management *weekly* about the Hamilton plant's payroll. (Monroe's Memorandum, pp. 5-6; Monroe's Decl., ¶ 3-7, 10). Crary even concedes that, according to Defendant Leonard Kristal, Lassen stopped taking out these deductions for health plan

---

[2] It also is not clear whether the form purports to identify Monroe as a "plan administrator, or simply lists her as a "user name." The form also identifies Monroe as the "primary contact" and "HR Manager."

[3] He also alleges that Monroe "worked with the NLRB" regarding Lassen's failure to remit contributions for the 401-K plan. (Crary's Memorandum, p. 6). It is a mystery why Crary believes that Monroe's communicating with this agency is evidence that she was a fiduciary. His assertion is unsupported by any legal precedent, and the Court should easily reject this alleged basis to find Monroe a fiduciary under ERISA.

3

contributions only when *Kristal* gave Monroe this instruction. (Crary's Memorandum, p. 8). Nonetheless, Crary repeats the unfounded charge that Monroe's payroll duties reflect her fiduciary status, when these duties clearly were no more than "ministerial duties," which any payroll clerk or human resources department employee might exercise. *See* 29 C.F.R. § 2509.75-8, D-2 (8) (listing "collection of [plan] contributions and applications of contributions" as a non-fiduciary administrative function). He cites no authority that contradicts the Department's guidance on this subject. In fact, other than citing a case for the undisputed proposition that ERISA's definition of fiduciary is a functional one, Crary cites to no authority whatsoever to support his claim that Monroe acted as a plan fiduciary. (*See* Crary's memorandum, pp. 5-7).

Employees do not become fiduciaries simply because they have payroll functions at their employer's business. This Court should not be the first to find otherwise. In short, Crary has no legal or factual basis for asserting that Monroe was a fiduciary to the Plans, and his claim against her should be dismissed on that basis.

**D.    Crary Cannot Prove that Monroe was Significantly More At Fault for Plaintiffs' Losses, Because Crary, Not Monroe, Failed to Take Any Steps to Protect the Interests of the Plans' Participants.**

As Crary's claim for indemnity against Monroe should be dismissed because he cannot establish that she was a plan fiduciary, the Court need not address Crary's argument that Monroe breached these alleged fiduciary duties and that Monroe was "substantially more at fault" than Crary for Plaintiffs' losses. *See Restatement (Second) of Trusts*, § 258, pp. 650-654 (1959); (Polly Jones's Memorandum in Support of Motion for Summary Judgment, p. 7). Assuming, *arguendo*, that the Court finds it necessary to reach

this issues, Crary has cited no authority for the proposition that Monroe breached her alleged fiduciary duties, including her "co-fiduciary duties" which he has alleged against Monroe here for the first time in this lawsuit. As to his assertion that Monroe was "more culpable than Crary," the following deposition testimony of Crary is instructive:

> Q   And what steps, if any, did you take as chairman of Lassen Companies to make sure that Mr. Kristal was performing his duties as CEO with respect to the benefit plans?
>
> A   I took no steps.

(Crary's dep. at 81-82). Thus, Crary, who had the authority and obligation to monitor Kristal, wholly failed to do so, yet he nonetheless erroneously asserts that Monroe is "more culpable." *See* 29 C.F.R. § 2509.75-8, D-4, D-17.[4] Because Crary's claim for indemnity is not supported by the facts or applicable law, it should be summarily dismissed.

### E.   Monroe's Motion Should Be Decided on Its Merits.

Crary also has asserted here that the Court should not consider Monroe's motion for summary judgment because it was filed after October 15. The subject of the timeliness of Monroe's motion for summary judgment has been thoroughly addressed in other motions filed with the Court, including the pending Motion to Clarify Order Denying "As Moot" Polly Jones's and Monroe's Expedited Motion to Continue the Dispositive Motions Deadline on Third-Party Claims Only. Monroe will not revisit this issue again here, other than to submit that Monroe's motion should be decided on the merits.

---

[4] Crary does not dispute the Department of Labor's guidance about the obligation of Board of Directors members who appoint fiduciaries. He cited favorably to this interpretive bulletin in his memorandum in opposition to Polly Jones's Motion for Summary Judgment. (See Crary's Memorandum, p. 6).

In sum, Crary's pursuit against Monroe has served as an example of why courts, as a matter of law, should not permit defendants in ERISA actions to assert third-party claims against other purported fiduciaries. As explained by Judge Carr of the Northern District of Ohio, plaintiffs in ERISA actions should be able to choose "among various targets" in naming defendants because this "enables greater efficiency and enhances the likelihood of more prompt recovery" against the defendants who, from the plaintiffs' perspective, "appear[] either most culpable or judgment-worthy, or both." *Williams v. Provident Investment Counsel, Inc.*, 279 F. Supp. 2d 894, 902 (N.D. Ohio 2003). As the parties who actually suffered the losses in connection with the demise of Lassen's benefit plans, Plaintiffs, not Crary, are in the best position to evaluate who breached their respective fiduciary duties and caused these losses. Monroe did not cause Plaintiffs' losses; Crary and Kristal did through their breaches of fiduciary duty.

Thus, not only has Monroe been forced to defend a claim against her that is wholly lacking in merit, Crary's claim against Monroe (and Polly Jones) has done nothing more than divert the parties' and Court's attention and resources from addressing the claims brought by Plaintiffs against Kristal and Crary. Crary's claim against Monroe should proceed no further. Monroe respectfully requests that this Court grant summary judgment.

Pursuant to S.D. Ohio Civ. R. 7.1(b)(2), Monroe has requested oral argument herein because of the status of multiple, pending motions for summary judgment in this case, in addition to motions addressing procedural issues only, which may be best addressed in a conference with the Court.

        Respectfully submitted,

        s/ Stephen A. Simon

        _____
        David M. Cook (0023469)
        Stephen A. Simon (0068268)
        DAVID M. COOK, LLC
        22 West Ninth Street
        Cincinnati, Ohio 45202
        Phone: (513) 721-7500
        Fax:    (513) 721-1178

        Trial Attorneys for Shirley Monroe

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served this 8th day of December, 2003, via U.S. regular mail, postage prepaid, upon the following:

Leonard Kristal
107 Diablo Drive
Kentfield, California 94904

Stephen R. Felson
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Trial Attorney For Defendant Crary

Paul D. Marotta
Christopher D. Denny
Jennifer Chen
The Corporate Law Group
500 Airport Blvd., Suite 120
Burlingame, CA 94010
Of Counsel for Defendant Crary

        s/ Stephen A. Simon

        _____
        ATTORNEY FOR SHIRLEY MONROE