UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS ALLEN, MARY JANE
CRACRAFT, LELAN LITTRELL and
GLASS, MOLDERS, POTTERY, PLASTIC
AND ALLIED INDUSTRIAL WORKERS,
LOCAL NO. 41, AFL-CIO,

           Plaintiffs,

vs.

LEONARD D. KRISTAL, and JOHN L.
CRARY,

           Defendants.

_____

JOHN L. CRARY,

           Cross-Claimant,

vs.

LEONARD D. KRISTAL,

           Cross-Defendant.

_____

JOHN L. CRARY,

           Third-Party Plaintiff,

vs.

POLLY JONES, SHIRLEY MONROE,
JAMES THELAN,

           Third-Party Defendants

_____

Case No: C-1-01-159

Judge Herman J. Weber
Magistrate Judge Timothy S. Hogan

DEFENDANT JOHN L. CRARY'S
MOTION TO REVIEW THE
MAGISTRATE'S FINDINGS,
RECOMMENDATIONS AND REPORT

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS,
RECOMMENDATIONS AND REPORT

Defendant John L. Crary ("Crary") respectfully submits his Motion to Review the Magistrate's Findings, Recommendations and Report dated October 22, 2004 (the "Report").

## I.

## ISSUES PRESENTED

1. The Report properly concludes that Glass, Molders, Pottery, Plastic and Allied Industrial Workers, Local No. 41, AFL-CIO (the "Union") lacks standing to sue in this case. Crary submits that, therefore, his motion for summary judgment against the plaintiff Union should be granted.

2. Contrary to the facts in *Martin v. Schwab*, 1992 WL 296531 (W.D. Mo. 1992), where the board of a corporation appointed the ERISA fiduciary, the Board of Directors of The Lassen Companies, Inc. ("Lassen") never appointed Leonard D. Kristal ("Kristal") as the fiduciary to the Lassen health plan, Lassen Group Benefit Plan, or 401(k) plan (collectively the "Plans"). In the absence of such appointment, Crary submits that he, as an individual director, had no knowledge that he should monitor a fiduciary and no power to replace such fiduciary, and therefore had no duty here to supervise Kristal relative to Kristal's alleged ERISA management.

3. The Court properly disregarded most of plaintiffs' improper evidence. However, the Court in at least three places "inferred" or "supposed" what evidence might be offered at some point in the future, and should not have done so. Plaintiffs have completed their discovery and have failed to offer sufficient evidence of the existence of a genuine issue of material fact. Therefore, Crary's motion for summary judgment should be granted.

4. Finally, Crary submits that plaintiffs have offered no specific facts sufficiently showing that (i) Crary knew that Kristal was an ERISA fiduciary, or that (ii) Crary knew Kristal was misusing ERISA funds. Either one of these failings is grounds

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

for summary judgment.  Crary respectfully submits that, on the whole, plaintiffs have submitted insufficient facts showing the existence of any <u>genuine</u> issue of <u>material</u> fact on either of these issues and, since both issues are necessary to plaintiff's case, the absence of either one is grounds for granting Crary's motion for summary judgment.

## II.

## <u>STATEMENT OF RELEVANT FACTS</u>

On October 22, 2004, Magistrate Judge Hogan issued his Report and Recommendation denying both Crary's and plaintiffs' motions for summary judgment. The Court concluded that the Union lacks standing to sue in this case, but it failed to rule specifically on Crary's summary judgment motion against the Union; instead it generally denied Crary's motion.

In his Report Judge Hogan addressed each of three arguments made by Crary in his summary judgment motion.  First, Crary presented his argument against the claim for breach of ERISA fiduciary duty.  Crary argued that he was not an ERISA fiduciary because (i) he was not the named fiduciary to the Plans; and (ii) neither he nor the Lassen Board actually appointed Kristal as a fiduciary to the Plans.  Therefore, the obligation of supervising Kristal as an ERISA fiduciary should not be imposed on Crary or the Board. (See Crary's Motion for Summary Judgment, page 7, line 22-23; page 9, line 16-17; page 10, lines 4-14)

In the Report, Judge Hogan says on page 6 that "[i]f the Board appointed Kristal and possessed the power to remove him, then each member of the Board had a duty to exercise prudent supervision of him relative to each transaction subject to ERISA."

However, there is no evidence at all before this Court that the Board appointed Kristal *as an ERISA fiduciary*.  The only evidence is that the Board appointed Kristal as CEO.  The Report is not clear about this appointment and, therefore, should be clarified.

1  The only evidence before the Court is that the Board appointed Kristal as CEO, and not
2  as an ERISA fiduciary.

3        Apparently based on the faulty assumption that the Board of Directors of Lassen
4  appointed Kristal as the ERISA fiduciary to the Plans, the Court erroneously applied the
5  prudent person standard and concluded that an individual director had a duty to exercise
6  prudent supervision of Kristal relative to each transaction subject to ERISA. (See Report
7  at 6)  But there is no such evidence before this Court.

8        Second, Crary argued for summary judgment on the claim against him for breach
9  of co-fiduciary duty.  Crary argued that he had no actual or constructive knowledge of
10 Kristal's ERISA fiduciary status or Kristal's breach thereof.  The Court analyzed three
11 pieces of evidence presented by plaintiffs:  (i) Randy Pickering's purported phone calls to
12 Crary which were objectively shown to have never actually been made, (ii) Crary's
13 conversation with Randy Pickering concerning a subrogation issue relating to an
14 automobile accident suffered by Crary's wife, and (iii) Lindermuth's hearsay.

15        The Court properly disregarded all the foregoing evidence.  The only "damaging"
16 evidence noted by the Court was Crary's own testimony that he took no steps to insure
17 that Kristal was performing his fiduciary duties with respect to the Plans.  (See Report at
18 7)

19        However, Crary's deposition testimony clearly established that he did not find out
20 Kristal was the ERISA fiduciary to the Plans and that he did not find out about the
21 alleged breach until Crary was served a copy of the complaint in this case.  (See Crary
22 deposition, at page 42-43).  In fact, Kristal's own testimony indicates that Kristal did not
23 even know that he was an ERISA fiduciary while he was acting as such.  If Kristal did
24 not know he was an ERISA fiduciary and the Lassen Board never appointed him as such,
25 then there is absolutely no evidence here that Crary knew Kristal was a fiduciary.  The

26
27
28

---

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS,
RECOMMENDATIONS AND REPORT

fact that Crary may know as much now is insufficient to show that he had any obligation, at the time of Kristal's malfeasance, to supervise Kristal.

Finally, Crary argued that he did not engage in any prohibited transaction under ERISA. The Court analyzed the following evidence presented by plaintiffs: (i) Crary allegedly participated in negotiating a collective bargaining agreement with the Union, and (ii) Kristal's deposition testimony. Following the holding in *Sengpiel v. B.F. Goodrich*, 156 F.3d 660 (6th Cir. 1998), the Court properly concluded that "Crary did not fall within the ERISA definition of a fiduciary simply because a collective bargaining agreement that he participated in negotiating might have some affect upon an employee benefit plan." (See Report at 7)

With respect to Kristal's testimony, the Court commented that it was "circumstantial" and unspecific as to "when and how Crary was told about the fact that earmarked deductions were being diverted to pay corporate bills other than medical insurance." (See Report at 7-8)

Crary submits that this lone piece of unspecific evidence is insufficient to save plaintiffs from summary judgment, as more fully set forth herein.

### III.

### ARGUMENT

**A.     STANDARD OF REVIEW FOR SUMMARY JUDGMENT.**

In a summary judgment procedure, the function of the Court is to determine whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case; however, it need not support its motion with evidence disproving the non-moving party's claim. *Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79, 81 (6th Cir.1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S.

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

317, 321 (1986)).

If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue [of fact] for trial." Fed.R.Civ.P. 56(e). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp. Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

A party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. See *Southwest Ohio Reg'l Council of Carpenters & Joiners of Am. V. Schaefer*, 267 F. Supp. 2d 813 (S.D. Ohio 2003).

Although a genuine issue of material fact will defeat summary judgment; the moving party need not support its motion with evidence disproving the non-moving party's claim, but need only "'show[]' -- that is, point[] out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett* , 477 U.S. at 325. Here, Crary does not need to disprove plaintiffs' case, but rather need only show that plaintiff's have not established sufficient evidence to support their case.

The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case. *Celotex*, 477 U.S. at 322. The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.* , 964 F.2d 577, 582 (6th Cir. 1992) (*quoting Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir.

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

1986)).  Crary submits that hearsay and testimony concerning a telephone call which is unsupported by the witnesses own telephone records are mere "scintilla's of evidence" and are insufficient to overcome the burden on plaintiff to produce admissible evidence. For example, there is no question for the jury as to whether Crary knew that Kristal was a fiduciary; it is undisputed that he did not know.

Speculation, unsupported by facts in the record, is insufficient to create a genuine issue of material fact and falls short of what is required to survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Here, plaintiffs hope for speculation of what might have been, except discovery is over and they have failed to raise any specific facts which confirm such speculation or which support their case.

The moving party may merely rely upon the failure of the non-moving party to produce any evidence which would create a genuine disputer for the jury.  Essentially, a motion for summary judgment is a means by which to 'challenge the opposing party to put up or shut up on a critical issue.'  *Cox v. Kentucky Dept. of Transp.* 53 F.3d 146, 149 (6th Cir. 1995).  Plaintiffs have produced such thin admissible evidence in this case that Crary is entitled to summary judgment and should not be required to defend himself at a trial.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e).  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Offering only conclusory opinions and unauthenticated documents is insufficient.

Finally, although the Court is not to assess credibility of specific witnesses, the Court may weigh the evidence presented as a whole to see if it adds up to a plausible

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

case.  While a court must draw all inferences in a light most favorable to the non-moving party, it may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for that party.  *Matusushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Plaintiffs may not just claim the existence of an issue of fact, they need to offer sufficient evidence to support their case such that a trier of fact might rationally agree with them.  Then, and only then, might the Court find a <u>genuine</u> issue as to a <u>material</u> fact.

In any summary judgment proceeding, the non-moving party will always claim that material facts are in dispute.  But whether those facts are <u>material</u> and whether the dispute is <u>genuine</u> or manufactured must be determined by the Court.  Crary submits that, on weight, there are no genuine issues of material fact existent here for trial and that Crary should not be made to defend himself on the flimsy facts presented by plaintiffs.

**B.    CRARY'S MOTION FOR SUMMARY JUDGMENT AGAINST THE UNION SHOULD BE GRANTED FOR UNION'S LACK OF STANDING TO SUE IN THIS CASE.**

The Court properly concluded that the Union lacks standing to sue in this case. However, it failed to rule on whether Crary's motion for summary judgment against the Union should consequently be granted, and only denied Crary's motion for summary judgment generally.  Crary requests a review of the Report and a ruling which grants his motion for summary judgment against the Union.

**C.    CRARY, AS AN INDIVIDUAL DIRECTOR, DID NOT HAVE A DUTY TO SUPERVISE KRISTAL, THE ERISA FIDUCIARY, AFTER THE LASSEN BOARD FAILED TO APPOINT KRISTAL AS THE FIDUCIARY TO THE PLANS.**

In his motion for summary judgment against plaintiffs on the cause of action for breach of ERISA fiduciary duty, Crary argued that he was not an ERISA fiduciary because (i) he was not the named fiduciary to the Plans; and (ii) neither he, nor the Board of Directors of Lassen, appointed Kristal as the fiduciary to the Plans.

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

In both of the cases cited by the Court, *Martin v. Fellen*, 965 F.2d 660 (8th Cir. 1992), and *Martin v. Schwab*, 1992 WL 296531 (W.D. Mo. 1992), the board of directors appointed the ERISA fiduciaries; therefore, the board was found to have had the duty to supervise their appointed fiduciaries. Contrary to those two cases, neither Crary nor the Board of Directors of Lassen ever appointed Kristal as the ERISA fiduciary to the Plans. The only evidence here is that the Board appointed Kristal as the CEO and Kristal himself did not know he was an ERISA fiduciary.

The Court's ruling that each member of the Board of Directors of Lassen had a duty to exercise prudent supervision of Kristal relative to each transaction subject to ERISA is based on two premises. The first is the appointment of Kristal by the Board as the fiduciary to the Plans, and the second is the Board's power to remove Kristal as the fiduciary to the Plans. (See Report at 6)

However, Crary offered uncontroverted evidence that neither he nor the Board of Directors of Lassen ever appointed Kristal as the fiduciary to the Plans (see Crary's Motion for Summary Judgment, page 7, line 22-23; page 9, line 16-17; page 10, lines 4-14). And plaintiffs presented no evidence whatsoever to refute Crary's evidence and no evidence whatsoever that Crary or the Board of Directors of Lassen appointed Kristal as the fiduciary to the Plans. The evidence here is completely uncontroverted that Kristal was not appointed as ERISA fiduciary to the Plans by Crary or the Lassen Board.

Consequently, the duty to exercise prudent supervision of Kristal relative to each transaction subject to ERISA should not be imposed on Crary or the Board. (See Crary's Motion for Summary Judgment, page 7, line 22-23; page 9, line 16-17; page 10, lines 4-14). In fact, imposition of such a burden on directors who had nothing to do with appointing an ERISA fiduciary will amount to an absolute burden on all directors to investigate who the potential ERISA fiduciaries are within the company they are directing and find out what they are doing. It will amount to strict liability on directors

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

for fiduciaries' misdeeds, even if the directors do not find out who the fiduciaries are and even if the fiduciaries themselves do know that they hold such a position (as in this case).

This would be a great and, defendant submits, unintended expansion of ERISA liability and would heap further burdens on boards of directors already suffering from severe responsibility.  Boards are not, never have been, and should not be guarantors of the corporate management for whom they provide direction.

Nor did plaintiffs offer any evidence that an individual director had the power to remove Kristal as the CEO.  Crary submits that it is not meaningless if the Court applies the prudent person standard to the Board collectively rather than to individual directors. (Report at 5).  At the minimum, the standard would apply where the Board had acted in the first place.

Corporations can only take actions through their agents.  Boards of directors take action on behalf of a corporation only following discussion and a vote.  Applying liability to individual directors places liability where there is no power to take appropriate action. How would such liability apply to an individual director who had disagreed on such a vote and been outvoted?  At the heart of it, individual directors are powerless to do anything but dissent and then resign when such dissent is ignored.

If a director misses a meeting at which ERISA issues are discussed, would liability follow?  If a director votes against an ERISA appointment, would that director still have a duty to monitor the ERISA actions of such fiduciary.  What if that ERISA fiduciary, knowing that the dissenting director had been outvoted, refuses or fails to supply any useful information?  When is it permissible for that director to resign?

The fact is that corporate directors individually have no management power or authority whatsoever.  They may individually attempt to tell a Chief Executive Officer what to do, but the CEO may ignore them with impunity.  A director's only power is to raise the issue at a Board meeting and hope for a majority.

---

10

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

Crary submits that only when a Board takes action appointing an ERISA fiduciary should directors have any arguable obligation to monitor the actions of such ERISA fiduciary; and further submits that, in any such case, resignation should be an appropriate response by a corporate director to the possibility of imposition of such liability.

Directors do not run companies; they never have and they should not ever do so. Rather, they set policy. Unless a Board has accepted ERISA responsibility by setting ERISA policy (such as possibly when they appoint ERISA fiduciaries), there should be no resulting ERISA liability.

Because conclusory allegations are insufficient to defeat a motion for summary judgment and because plaintiffs have utterly failed to offer any facts showing that Crary or the Board of Directors of Lassen appointed Kristal as the fiduciary to the Plans, Crary's motion for summary judgment should be granted. See *McDonald v. Union Camp. Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

**D.    THE COURT SHOULD NOT "INFER" OR "SUPPOSE" WHAT EVIDENCE MIGHT BE OFFERED; PLAINTIFFS HAVE COMPLETED DISCOVERY AND HAVE FAILED TO OFFER SUFFICIENT EVIDENCE IN THEIR OPPOSITION TO CRARY'S MOTION FOR SUMMARY JUDGMENT.**

Once the moving party meets its burden, the non-moving party "must set forth specific facts showing there is a genuine issue [of fact] for trial." Fed.R.Civ.P. 56(e). Because Crary has presented undisputed material facts in support of his motion for summary judgment, the burden subsequently shifted to plaintiffs to provide specific facts sufficiently showing a genuine issue of material fact as to an essential element of their case.

The parties completed discovery before their submission of the moving papers. Plaintiffs have presented all of the evidence they have and made their best argument. If plaintiffs were not able to refute Crary's evidence or present specific facts sufficiently

showing there is a genuine issue of material fact for trial, Crary's motion for summary judgment should be granted.

It is not the Court's job to infer or suppose what evidence might be offered by plaintiffs. On pages 5, 6, and 7 of the Report, the Court apparently predicts what evidence plaintiffs might ultimately provide and what plaintiffs will be arguing. This is impermissible – the Court should decide on the record before it, and solely on that record.

As an example of portions of the Report with which Crary takes exception: On page 5 the Report says "[p]laintiffs' response, although not expressed in so many words . . . ." Crary submits that plaintiffs' arguments should be taken at face value without any further inferences from the Court. If plaintiffs did not use "so many words" and their argument is unclear or not well presented, the Court should read what plaintiffs wrote and not make inferences of what they might have intended.

Similarly on page 6 the Report the Court says, "[p]laintiffs seem to argue that it was Crary's fiduciary duty to try . . . ." Crary submits that plaintiffs' argument should be read as written and that the Court should not infer arguments which plaintiffs have not actually made.

Finally, on page 8 of the Report the Court supposes the "likely" evidence that might come from directors Morris and Kristal. Crary submits that these suppositions and inferences are improper. The parties have presented their evidence and the evidence speaks for itself.

For example, the single bit of evidence offered by plaintiffs in an attempt to show that Crary knew Kristal acted as a fiduciary with respect to the Plans is from page 81 of Crary's deposition. (Plaintiffs Combined Proposed Findings of Fact number 25). Yet Crary never says this. He acknowledges that, as CEO, Kristal would run the company and that running the company implies that, if there is a benefit plan, that plan would

---

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

come under Kristal's jurisdiction *as CEO*. This jurisdiction could include choosing the ERISA fiduciary, but it does not in any way automatically mean that the CEO will be acting as such fiduciary himself.

Following is the exchange which took place at Crary's deposition and on which plaintiffs rely:

> "Q:    When you executed the employment agreement that's been marked as an exhibit between Lassen Companies and Lenn Kristal, did you understand that his duties as CEO would encompass overall responasability7 for the benefit plans offered by the company to its employees?
>
> "A    My understanding was that he would be totally in charge of all the operations of the company.
>
> "Q    And would that include the benefit plans?
>
> "A    It wasn't addresses specifically, but it would be implied, sure."

This exchange does not *in any way* show that Crary knew Kristal was personally acting as an ERISA fiduciary; the purported "fact" number 25 which plaintiffs claim it shows. It merely means that Crary acknowledged that Kristal, as CEO, was responsible for running the company. This is surely nothing new. That is exactly what CEOs do.

Yet Crary knowing that the CEO runs the company does not mean that Crary knew that the CEO was personally acting as an ERISA fiduciary. Running the company might involve selection of a fiduciary, which fiduciary might not even be a company employee. Crary submits that this incredibly loose handling of testimony by plaintiffs and this spin by plaintiffs is endemic to their summary judgment defense. Plaintiff's "facts" are hearsay and wishful thinking which do not actually support their claims, while Crary's facts are supported by multiple witnesses and irrefutable.

Similarly, most of the evidence supplied by plaintiffs that they claim shows that Crary knew of Kristal's misdeeds is, even taken in its most favorable light to plaintiffs, really just evidence that Crary *might* have known that Kristal was managing badly. But,

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

1  even assuming Crary knew Kristal was managing badly, as shown above there is

2  absolutely no evidence that Crary appointed Kristal as an ERISA fiduciary or even knew

3  that he acted as such.  Therefore, Crary was under no obligation to take Kristal's general

4  poor management and somehow connect the dots to arrive at the conclusions that (i)

5  Kristal *might* be an ERISA fiduciary and (ii) *might* be misusing ERISA funds and, (iii)

6  *therefore* Crary should carefully monitor Kristal, or try single-handedly to remove him.

7       Since plaintiffs are unable to present specific facts sufficiently showing a genuine

8  issue of material fact for trial, they will not be able to produce sufficient evidence at trial

9  to withstand a directed verdict motion and summary judgment should therefore be

10  granted.

11  **E.  CRARY'S MOTION FOR SUMMARY JUDGMENT SHOULD BE**
   **GRANTED BECAUSE PLAINTIFFS OFFERED LITTLE CREDIBLE**
12  **EVIDENCE IN THEIR OPPOSITION.**

13       In analyzing Crary's ERISA liability, the Court properly disregarded most of

14  plaintiffs' improper evidence.  (Report at 6)  However, the Court then stated that, "[o]nce

15  over the first hurdle . . ." and continued in its evaluation of certain evidence.  Yet Crary

16  does not see how plaintiff has overcome any hurdle here.  The evidence submitted by

17  plaintiff includes (i) a claimed telephone call unsupported by the claimant's own

18  telephone records, (ii) a subrogation issue that occurred well before any health plan

19  problems, (iii) a telephone conference with someone other than Crary, and (iv) an

20  unsupported hearsay claim.  Crary submits that there is no evidence here and that

21  plaintiffs have not gone over any hurdle.

22       The Court correctly disregarded all of the foregoing improper evidence.  The only

23  "damaging" evidence noted is from Crary's own testimony that he "took no steps to

24  insure that Kristal was performing his duties" with respect to the Plans.  However,

25  Crary's deposition testimony clearly established that he did not find out that Kristal was

26  the ERISA fiduciary to the Plans and of his subsequent breach until Crary was served a

27

28

---

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS,
RECOMMENDATIONS AND REPORT

copy of the complaint in this case, well after his resignation. (See Crary deposition at 42-43)  Plaintiffs and the Court both apparently want to require Crary to supervise Kristal even when there is no evidence that (i) Crary or the Lassen Board appointed Kristal as a fiduciary, or that (ii) Crary even knew Kristal was a fiduciary.

In fact, Kristal's own testimony indicates that he did not even know of his fiduciary status until he was sued by plaintiffs.  The fact that Crary took no steps to supervise Kristal with respect to the Plans supports Crary's assertion that he had no actual or constructive knowledge of Kristal's ERISA fiduciary status and Kristal's breach thereof.

Plaintiffs failed to present any evidence whatsoever that Crary had actual or constructive knowledge of Kristal's ERISA fiduciary status, and very, very, little evidence (all of which was controverted) that Crary knew anything of Kristal's breach thereof.  Because there is no genuine issue for trial unless there is <u>sufficient</u> evidence favoring the non-moving party for a jury to return a verdict for that party, Crary's motion for summary judgment on the cause of action for breach of co-fiduciary duty should be granted.  See *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

With respect to Crary's third argument, that he did not engage in any transaction prohibited under ERISA, the Court addressed the following evidence presented by plaintiffs:  (i) Crary participated in negotiating a collective bargaining agreement with the Union, and (ii) Kristal's deposition testimony.

Following the holding in *Sengpiel v. B.F. Goodrich*, 156 F.3d 660 (6th Cir. 1998), the Court properly concluded that "Crary did not fall within the ERISA definition of a fiduciary simply because a collective bargaining agreement that he participated in negotiating might have some affect upon an employee benefit plan." (See Report at 7)

The only evidence left was Kristal's testimony, and the Court is clearly entitled to weigh this evidence against the competing evidence in the record as a whole.  The Court

---

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS,
RECOMMENDATIONS AND REPORT

found that Kristal's testimony as "circumstantial" and unspecific as to "when and how Crary was told about the fact that earmarked deductions were being diverted to pay corporate bills other than medical insurance." (See Report at 7-8)  Especially since this is the last bit of evidence offered by plaintiffs, its lack of specificity and its circumstantial nature render it insufficient to prove plaintiffs' case to a trier of fact and overcome Crary's motion for summary judgment.

And there is a weight of evidence showing the opposite.

Examining plaintiff's purported evidence without regard even to the admissible evidence submitted by Crary shows plaintiffs' flimsy case.  Evidence that Crary considered removing Kristal as CEO (Plaintiffs' Combined Proposed Findings of Fact 29) does not show that Crary knew Kristal was a fiduciary and did not monitor him.

Evidence that Bob Bernet was displeased in Kristal's management (Plaintiffs' Combined Proposed Findings of Fact 34, 35) does not show that Crary knew Kristal was a fiduciary and did not monitor him.

Inadmissible hearsay evidence that Crary knew Kristal was misusing ERISA funds (Plaintiffs' Combined Proposed Findings of Fact 31) does not show that Crary knew Kristal was a fiduciary and did not monitor him.

Inadmissible hearsay evidence of what director Morris might have known (Plaintiffs' Combined Proposed Findings of Fact 37, 38, and 39) does not show that Crary knew Kristal was a fiduciary and did not monitor him.

Plaintiffs' submit such inadmissible evidence as support for their proposed findings of fact because they are trying to confuse and obscure the weight of the evidence, which is that Crary did not know Kristal was a fiduciary and did not specifically know he was mishandling ERISA funds.  Rather, the 98 separate statements of undisputed fact set forth by Crary, and the often five and six times instances of evidentiary confirmation of such facts, are a clear contrast to the hearsay support by a

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

couple of witnesses offered by plaintiffs.  In short, a careful examination of the findings of fact submitted by plaintiffs in contrast to the detailed findings of fact submitted by Crary, shows that plaintiffs have no case.

The Court also mentioned a laundry list of Kristal's testimony offered by plaintiffs, including that Crary was made aware of the cash flow problems at Lassen and that he held an MBA from Columbia.  Plaintiffs tried their best to offer all kinds of irrelevant, improper, hearsay and out-of-context evidence in their opposition to Crary's motion for summary judgment.  However, the test for summary judgment motion is not "presence of the evidence" as the Report stated on the bottom of page seven.  The Court must evaluate the *sufficiency* of the evidence.  Pursuant to Fed.R.Civ.P. 56(e), the non-moving party "must set forth specific facts showing there is a genuine issue [of fact] for trial."  Most of Kristal's testimony offered by plaintiffs was irrelevant and circumstantial, as noted by the Court, and none was sufficiently specific as required by Fed.R.Civ.P. 56(e).

Furthermore, the genuine issue of fact contemplated by Rule 56 must be material *to an essential element of the non-movant's case*.  See *Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79, 81 (6th Cir.1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. at 321)  None of Kristal's testimony concerns any material fact as to Crary's alleged fiduciary status, his actual or constructive knowledge of his own fiduciary status, or his knowledge of his own breach or any alleged breach by Crary of any ERISA fiduciary duty.  What's more, none of Kristal's testimony or other evidence presented by plaintiffs refutes Crary's evidence – that evidence has never been refuted and, indeed, is irrefutable.

A party may move for summary judgment by demonstrating that the opposing party will not be able to produce *sufficient evidence* at trial to withstand a directed verdict motion.  See *Southwest Ohio Reg'l Council of Carpenters & Joiners of Am. v. Schaefer*,

267 F. Supp. 2d 813 (S.D. Ohio 2003) (Rice, J.; emphasis added).  Discovery is over in this case, and plaintiffs have presented their very best argument to this Court.  Yet, plaintiffs have not shown that Crary or the Lassen Board appointed Kristal as an ERISA fiduciary, that Crary even knew that Kristal was an ERISA fiduciary, or (other than Kristal's unspecific testimony) that Crary knew Kristal was mishandling any ERISA funds.  In short, plaintiffs were not able to offer sufficient evidence to show there is a genuine issue of material fact as to any essential element of their case against Crary. This does not add up to Crary having to stand trial and, consequently, Crary's motion for summary judgment should be granted.

## IV.

## CONCLUSION

Crary's motion for summary judgment against the Union should be granted since the Union lacks standing to sue.

In the absence of appointment of Kristal as the fiduciary to the Plans by Crary or the Board, individual board members have no power to take any action, and should not have a duty to supervise a person who it turns out is a fiduciary.

The Court should not "infer" or "suppose" what evidence might ultimately be offered; but should carefully review the evidence actually presented and weigh this evidence to see if a genuine issue of material fact exists for a trial.

Finally, since plaintiffs have not shown by admissible factual evidence either (i) that Crary knew that Kristal was an ERISA fiduciary, or (ii) that Crary knew of Kristal's misdeeds, Crary's motion for summary judgment should be granted.

Dated:  November 1, 2004                    Respectfully Submitted,

                                            /s/ *Stephen R. Felson*

                                            _____
                                            Stephen R. Felson (0038432)
                                            617 Vine St.  Suite 1401

18

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT

1

Cincinnati. Ohio 45202
Phone: (513) 721-4900
Fax: (513) 639-7011

2

3

Paul David Marotta, California State Bar No.
111812
Jennifer Chen, California State Bar No. 205264
Christopher D. Denny, California State Bar No.
175338
THE CORPORATE LAW GROUP
500 Airport Boulevard, Suite 120
Burlingame, CA 94010
Telephone:    (650) 227-8000
Facsimile:    (650) 227-8001

4

5

6

7

8

### CERTIFICATION OF SERVICE

9

10

    I hereby certify that on November 1, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following.

11

12

13

14

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax: (513) 721-1178

15

16

    I further certify that on November 1, 2004, I served the following by ordinary U.S. Mail:

17

18

Leonard Kristal (pro se)
107 Diablo Drive
Kentfield, CA 94904

19

20

/s/ Stephen R. Felson

21

22

23

24

25

26

27

28

DEFENDANT JOHN L. CRARY'S MOTION TO REVIEW THE MAGISTRATE'S FINDINGS, RECOMMENDATIONS AND REPORT