**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI**

| | | |
|---|---|---|
| Dennis Allen, et al. | : | |
| **Plaintiffs** | : | **Case No. C-1-01-159** |
| v. | : | **Judge Herman S. Weber** |
| | : | **Magistrate Judge Timothy S. Hogan** |
| Leonard Kristal | : | |
| and | : | **PLAINTIFFS' RESPONSE TO** |
| | : | **DEFENDANT JOHN L. CRARY'S** |
| John Crary | : | **MOTION TO REVIEW THE** |
| | : | **MAGISTRATE'S RECOMMENDATION** |
| **Defendant** | : | **AND REPORT** |
| | : | |

Plaintiffs Dennis Allen, et al. ("Plaintiffs"), submit this Response to Defendant John

L. Crary's ("Crary") Motion to Review the Magistrate Judge's Recommendation and Report

of October 22, 2004 ("Report").  In the Report, the Magistrate denied Crary's motion for

summary judgment on each of Plaintiffs' claims asserted against Crary for breach of

fiduciary duty under Section 404 of the Employee Retirement Income Security Act of 1974

("ERISA") and for "prohibited transactions" under Section 406 of ERISA. 29 U.S.C.

§1104(a); ERISA §406(b).  As explained by the Magistrate, Crary offered three defenses:

(1) he was not a plan "fiduciary" under ERISA, (2) he had no actual or constructive

knowledge of Defendant Leonard Kristal's ("Kristal") breaches of fiduciary duty; and (3) he

did not engage in any "prohibited transactions" under ERISA.  The Magistrate rejected

each of these defenses and found that the record evidence created, at a minimum, a

genuine issue of material fact supporting Plaintiffs' claims.  See Fed. R. Civ. P. 56(c).

As more fully set forth below, this Court should follow the Magistrate's Report as to these

issues, and likewise deny Crary's motion for summary judgment.

Plaintiffs also urge the Court to carefully review both their Opposition to Crary's motion for summary judgment (R. 74) and the evidence cited in support, and their motion for summary judgment against Crary (R. 84), and in particular Plaintiffs' Reply in Support of Plaintiffs' motion for summary judgment (R. 121). Contrary to the Magistrate's conclusion at the end of his Report, Plaintiffs timely filed their motion for summary judgment. (Report, p.9.)[1]

## A.  The Magistrate Found Genuine Issues of Material Fact Exist As to Whether Crary Was A Fiduciary.

Under ERISA, an individual meets the definition of plan "fiduciary" – among other definitions listed in the statute – to the extent he or she exercises any discretionary control or discretionary authority over plan management, or any authority or control over management or disposition of plan assets. 29 U.S.C. § 1002(21)(A), ERISA § 3(21)(A). In determining whether an individual is a "fiduciary," courts use a functional analysis, examining whether the person actually exercises any of the functions described in the statutory definition. *See*, *e.g.*, *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999). Here, in employing this functional analysis, the Magistrate examined whether Crary had the authority to appoint and remove Kristal as fiduciary to the Lassen Group Benefit Plan and

---

[1] Plaintiffs filed a motion to extend the dispositive motion deadline for 30 days on October 13, 2003. (R. 66.) To this very day no ruling on that motion has ever occurred - by this Court or by the Magistrate. Yet the Magistrate incorrectly states in his Report, "Plaintiffs offer no excuse for such a dilatory filing." In their Reply in Support of Plaintiffs' motion for summary judgment (Crary) Plaintiffs specifically address this very issue in detail. (R. 121, at pp. 13-3.) In addition, Third Party Defendants Jones and Monroe filed a motion to extend their dispositive motion deadline on September 29, 2003 (R. 60), which for reasons unknown the Magistrate denied as moot (R. 89). Third Party Defendants then filed a motion to clarify (R. 91), as the Magistrate's denial recited the Court's upholding a Magistrate's Report on a motion to *dismiss*, not a motion for summary judgment. The motion to clarify has never been ruled upon. As a result of all of this, motions for summary judgment against Kristal by Plaintiffs (R. 75), and against Crary by Third Party Defendants (R. 80, R. 84) have yet to be ruled upon.

Lassen 401(k) Plan, which would establish Crary's fiduciary status under ERISA. (Report, p. 4) (citing *Authier v. Ginsberg*, 757 F.2d 796, 801 (6th Cir. 1985); *Leigh v. Engle*, 727 F.2d 113, 133 (7th Cir. 1984), cert. denied, 489 U.S. 1078 (1989); *American Federation of Unions v. Equitable Life Assurance Society of the U.S.*, 841 F.2d 658, 665 (5th Cir. 1988); *Martin v. Feilen*, 965 F.2d 660 (8th Cir. 1992); *Tittle v. Enron Corp.*, 2003 U.S. Dist. LEXIS 17492 (S.D. Tex., Sept. 30, 2003)).[2]

On this point the Magistrate evaluated the record evidence, under the settled Rule 56(c) standard, and concluded that there was sufficient evidence to find that Crary had this authority. In response to Crary's defense that the Lassen corporate documents allegedly did not permit Crary to either appoint or remove Kristal without the 3-member Board of Directors' approval, the Court flatly rejected this argument as follows:

> [W]e do not find that the corporate documents and contractual agreements . . . necessarily demonstrate that things were done in conformity with those documents and agreements at Lassen. If the Board appointed Kristal and possessed the power to remove him, then each member of the Board had a duty to exercise prudent supervision of him relative to each transaction subject to ERISA.

(Report, pp. 5-6) (citation omitted). The Magistrate aptly reasoned that, if Crary's position were adopted and the "prudent supervision" standard applied "only to the Board collectively and not to individual directors," the duty to supervise would be "meaningless." (Report, p.

---

[2] Crary erroneously argues that Kristal did not know he was a plan fiduciary until Plaintiffs served him a copy of the Complaint, such that Crary therefore cannot be held liable. (Motion, pp. 4, 9). Clearly, fiduciary status under ERISA is not triggered by whether the individual knew he or she was a "fiduciary." As noted above, fiduciary status depends on the functions relative to the benefit plans that the individual performed. *See* 29 U.S.C. § 1003(21)(a); ERISA § 3(21)(a). Also, in his Motion Crary admits again that he knew Kristal's responsibilities included being "in charge of" the Lassen benefit plans. (Motion, p. 13).

5).[3]  Accordingly, this Court, like the Magistrate, should find that, at a minimum, there is a genuine issue of material fact as to whether Crary was a fiduciary to the Lassen plans.

**B.    The Magistrate Properly Found a Genuine Issue of Material Fact Exists as to Whether Crary Breached His Fiduciary Duties Because There Was Sufficient Evidence to Support a Finding that Crary Had Actual or Constructive Knowledge of Kristal's Malfeasance and Did Nothing To Remove Kristal As Plan Fiduciary.**

After finding that sufficient evidence exists to create a genuine issue of fact as to whether Crary was a fiduciary, the Magistrate next addressed whether Crary breached his fiduciary duties, which here meant a failure to supervise Kristal.  This was not a difficult issue to resolve in that Crary admitted that he took no steps to monitor or remove Kristal as a plan fiduciary.  (Report, p. 6; Crary's Dep. at 82).  Crary's defense, in turn, was that he allegedly had no actual or constructive knowledge of Kristal's malfeasance.

The Magistrate properly rejected this defense.  The Magistrate noted that Randy Pickering, the owner of the insurance broker for the health plan, testified that he informed Crary in telephone conversations that "Kristal was committing fraud with respect to employee contributions to the health care plan."  (Report, p. 6; Pickering Dep. at 56). Clearly, this rather incriminating testimony is more than sufficient to establish Crary's knowledge of Kristal's breaches of fiduciary duty.[4]

---

[3]  Crary argues in his Motion that, although the evidence reflects that the Lassen Board appointed Kristal to the position of CEO, the Board did not appoint Kristal to the position of plan fiduciary.  (Motion, pp. 3-4).  This fine distinction is not supported by the evidence.  Crary's own testimony shows he knew full well that when he executed Kristal's employment agreement on behalf of Lassen (as its Chairman of the Board), Crary gave Kristal complete authority over all of Lassen's employees benefit plans. (Crary Dep. at 81; Dep. Ex. 96).  Thus, the appointment of Kristal to CEO and plan fiduciary is one and the same.  Moreover, Kristal admits in his Answer that he served as fiduciary to these plans.  (Kristal Answer, ¶'s 9, 10; R. 3).

[4]  For some reason, Crary asserts that the Magistrate "disregarded" this evidence.  (Motion, p. 4). The Magistrate specifically cited this evidence and Crary's response to same.  The Magistrate discounted

4

Crary's production of certain telephone records, which purportedly reflect that no such telephone calls were made between Pickering and Crary, is not helpful,[5] let alone dispositive, in resolving the motion for summary judgment. As the Magistrate properly observed, the court "makes no assessment of the quality of the proof" on summary judgment. (Report, p. 7). Crary repeatedly asks this Court to find that any testimony supporting Plaintiffs' claims, whether by Pickering or Kristal, is not credible. (Motion, pp. 4, 16). A determination of a witness's credibility is an inappropriate basis for summary judgment, as that determination is for the trier of fact. (Report, p. 7); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). In addition to Pickering's testimony, there is a plethora of other evidence identified by Plaintiff that establishes, at a minimum, Crary's actual and constructive knowledge of Kristal's breaches. (*See* Pl.'s Memo. Opp. to MSJ, pp. 24-25; R. 74). Because sufficient evidence exists – and has been acknowledged by the Magistrate – to establish Crary's knowledge of Kristal's breaches, the Magistrate properly found that there was a genuine issue of material fact as to whether Crary breached his own fiduciary duties. This Court should do the same.

---

certain evidence that Crary considered inadmissible hearsay, but the Magistrate absolutely did not "disregard" this key testimony by Pickering. (Report, p. 6). Moreover, Pickering's testimony is not inadmissible hearsay. Rather, it is direct testimony of an act by Pickering: placing a call to Crary, and what he specifically stated in the call. No portion of Pickering's testimony speaks to any statements *Crary* made in the call. Pickering's testimony has been offered to prove his *actions* in alerting Crary of the existence of fraud in the operation of the Lassen health plan, *not* to whether such fraud in fact existed. (The existence of fraud would be the "truth of the matter asserted" here.) The testimony cannot then be hearsay. Plaintiffs have proven the fact of that fraud by other competent evidence.

[5] The calls reflected in the records produced by Crary are calls to a *different* telephone number than the one at which Pickering contacted Crary regarding this particular matter. (*See* Plaintiffs' Opp. Memo. to Crary's MSJ, p. 23; R. 74).

5

**C.    The Magistrate Properly Found a Genuine Issue of Material Fact Exists as to Whether Crary Could Be Held Liable for His Own Exercise of Discretion With Respect to the Plans and The Breach of His Co-Fiduciary Duties.**

Based on much of the same evidence discussed earlier in his Report, the Magistrate also concluded sufficient evidence exists to hold Crary liable "for breach of fiduciary duty based on his own exercise of discretion over the management and disposition of plan assets and as a co-fiduciary to the Lassen plans." (Report, p. 7). Because this evidence created a genuine issue of material fact, this Court likewise should deny summary judgment on these claims.

**D.    The Court Also May Find Crary Could Be Held Liable for Engaging in "Prohibited Transactions" Under ERISA.**

In addition to the foregoing bases for liability, Crary also may be held liable for his knowing participation in "prohibited transactions" under ERISA. *See* 29 U.S.C. 1106(b)(1); ERISA § 406(b)(1). On these facts, the prohibited transactions were the transfer to or use of Lassen benefit plan assets for corporate purposes. In *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988), the Sixth Circuit found that a non-fiduciary could be held liable under ERISA Section 406 where the non-fiduciary aided and assisted a plan fiduciary who engaged in prohibited transactions. The Supreme Court confirmed that liability for prohibited transactions may be imposed against non-fiduciary parties-in-interest in *Harris Trust and Savings Bank v. Salomon Smith-Barney, Inc.*, 530 U.S. 238 (2000). *See*, *also*, *McDannold v. Star Bank*, 261 F.3d 478, 486 (6th Cir. 2001)(applying *Harris Trust* and confirming holding of *Brock v. Hendershott*).

In his Motion, Crary attacks the Magistrate's reasoning regarding the prohibited transaction claim (*see* Motion, pp. 15-16), yet the Magistrate never directly addressed the

merits of this particular claim in the Report. This Court should disregard that portion of Crary's Motion and deny summary judgment on this claim. Contrary to Crary's assertions, Plaintiffs' prohibited transaction claim does not depend on whether Crary became a fiduciary by negotiating a collective bargaining agreement with the Union. Rather, Plaintiffs' prohibited transaction claim is based upon Crary's status as *both* a fiduciary *and* a party-in-interest under ERISA. ERISA Section 406(b) prohibits a fiduciary from engaging in the transfer of plan assets. Regardless of his status as a fiduciary, Crary is a party-in-interest as an owner of Lassen who held more than a 50% interest in the corporation. *See* 29 U.S.C. § 1003(14)(E)(i); ERISA §3(14)(E)(i). Kristal's testimony seals Crary's fate on this issue, establishing that Crary knew and accepted the diversion of plan assets to corporate use.

In sum, the Magistrate properly considered the evidence supporting Plaintiffs' multiple claims against Crary and found that such evidence created a genuine issue of material fact, such that summary judgment was inappropriate. In a desperate attempt to overturn the Magistrate's Report, Crary erroneously characterizes *all* of the incriminating evidence cited by the Magistrate as "inadmissible," and he takes many of the Magistrate's statements from the Report out of context to distort their meaning. (*See* Motion, pp. 11-12). This Court should not take the bait. Plaintiffs respectfully request that this Court deny summary judgment on each and every one of Plaintiffs' claims against Crary.

Respectfully submitted,

s/ David M. Cook

_____

David M. Cook (0023469)
Stephen A. Simon (0068268)
David M. Cook, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax:    (513) 721-1178

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen R. Felson, 617 Vine Street, Suite 1401, Cincinnati, Ohio 45202, Trial Attorney For Defendant Crary, Paul D. Marotta, The Corporate Law Group, 500 Airport Blvd., Suite 120, Burlingame, CA 94010, Of Counsel for Defendant Crary, and I hereby certify that I have mailed by United States Postal Service, via regular mail postage prepaid, a copy of this document to the following non CM/ECF participants:  Leonard Kristal, 107 Diablo Drive, Kentfield, California 94904; Christopher D. Denny and Jennifer Chen, The Corporate Law Group, 500 Airport Blvd., Suite 120, Burlingame, CA 94010, Of Counsel for Defendant Crary._____

s/ David M. Cook

_____

ATTORNEY FOR PLAINTIFFS

8